Michael Mogan (S.B.N. 304107)
Law Office Of Michael Mogan
4803 N. Milwaukee Ave, Suite B, Unit #244
Chicago, IL 60630
Telephone: (949) 424-5237
Fax (949) 630-0477
mm@michaelmogan.com
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Michael Mogan | ) **CASE No.** 3:21-cv-8431 |
| | ) |
| | ) **COMPLAINT** |
| Plaintiff | ) 1. Abuse Of Process; |
| | ) 2. Intentional Infliction Of Emotional Distress; |
| | ) 3. Intentional Interference With Prospective |
| v. | )    Economic Relations; |
| | ) 4. Civil Conspiracy |
| | ) 5. Federal Civil RICO, 18 U.S.C. 3 1962(c) |
| Sacks, Ricketts & Case LLP, Airbnb Inc. | ) 6. Conspiracy to Engage in a Pattern of |
| Dave Willner, Jeff Henry, Sanaz Ebrahini, | )    Racketeering Activity: 18 U.S.C. §1962(d) |
| Michele Floyd and Jacqueline Young | ) 7. Unfair Business Practices Under Business & |
| | )    Professions Code Sections 17200, et seq. |
| | ) |
| Defendants. | ) **Trial By Jury Demanded** |
| | ) |

1

Plaintiff, Michael Mogan ("Plaintiff"), by his attorney, files this complaint against Defendants Sacks, Ricketts & Case LLP, Airbnb Inc, Michele Floyd, Jeff Henry, Dave Willner, Sanaz Ebrahini and Jacqueline Young ("Defendants") alleging as follows:

### JURISDICTION AND VENUE

1.   The parties citizenship is completely diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §1332.

2.   A substantial part of the events or omissions giving rise to the action occurred in this district. 28 U.S.C. §1391(a)(2).

3.   Airbnb Inc.'s principal place of business is located at 888 Brannan Sr #400. San Francisco, CA 94103.

4.   Defendant Sacks, Ricketts & Case LLP is a limited liability partnership organized under the laws of the state of Arizona whose principal place of business is 2800 N. Central Ave Suite 1230, Phoenix, Arizona 85004. Sacks, Ricketts & Case LLP also has an office in San Francisco, California at 177 Post Street, Suite 650, San Francisco, CA 94108.

5.   On information and belief, Defendant Michele Floyd is a partner at Sacks, Ricketts & Case LLP and resides in California.

6.   Defendant Dave Willner is an individual residing at 1357 Johnson Street, Menlo Park, CA 90425. On information and belief, he regularly conducted business at 888 Brannan St, San Francisco, CA 94103 at all relevant times herein.

7.   On information and belief, Defendant Jeff Henry is an individual residing in Oakland California. On information and belief, he used to work as an employee for Airbnb Inc in San Francisco, California and conducted business at 888 Brannan St, San Francisco, CA 94103 until 2020.

8.   On information and belief, Defendant Jacqueline Young is an individual and U.S. citizen over 18 years old residing in California.

9.   The jurisdiction of this Court is also conferred and invoked against Airbnb Inc., Dave Willner, Jeff Henry and Sanaz Ebrahini ("the RICO Defendants")  pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO") 18 U.S.C. § 1961 et seq., (specifically 18 U.S.C. § 1964(c)), and 28 U.S.C. § 1331.

## PARTIES

10.  Plaintiff Michael Mogan is an individual and U.S. citizen over 18 years old residing in Chicago, Illinois.

11.  Sacks, Ricketts & Case LLP (hereafter "SRC LLP") is a limited liability partnership organized under the laws of the state of Arizona who also regularly conduct business in California including at 177 Post Street, Suite 650, San Francisco, CA 94108.

12. Defendant Dave Willner is an individual residing at 1357 Johnson Street, Menlo Park, CA 90425.

13. On information and belief, Defendant Jeff Henry is an individual and U.S. citizen over 18 years old residing in Oakland, California.

14. On information and belief, Defendant Sanaz Ebrahini is an individual and U.S. citizen over 18 years old residing in Oregon and employed by Airbnb Inc. at all relevant times alleged herein.

15.  On information and belief, Defendant Michele Floyd is an individual and U.S. citizen over 18 years old who resides in California.

16. On information and belief, Defendant Jacqueline Young is an individual and U.S. citizen over 18 years old who resides in California.

## BACKGROUND

17. Plaintiff is a lawyer licensed in Illinois and California. Plaintiff filed a civil complaint on behalf of his client Veronica McCluskey against Airbnb Inc. employees Jeff Henry, Dave Willner and Sanaz Ebrahini in San Francisco Superior Court in 2018 after such Airbnb employees destroyed her business in retaliation for reaching out to Fox News and the Los Angeles Police Department about Airbnb Inc's inaction towards an Airbnb Superhost  William Hendricks who was trafficking illegal drugs through the United States mail including at his Airbnb rental in Los Angeles.

18. Defendants Jeff Henry, Dave Willner and Sanaz Ebrahini were represented by the law firm Sacks, Ricketts & Case LLP in civil proceedings in San Francisco Superior Court at all relevant herein. Airbnb Inc. was the employer of Jeff Henry, Dave Willner and Sanaz Ebrahini. On information and belief, Airbnb Inc. as an indemnitor was responsible for all legal

fees and costs for legal and arbitration proceedings between Veronica McCluskey and Dave Willner, Jeff Henry and Sanaz Ebrahini still pending.

19. Defendants Jeff Henry, Dave Willner and Sanaz Ebrahini filed a motion to compel arbitration of Veronica McCluskey civil lawsuit she had filed against them in San Francisco Superior Court proceedings based upon an agreement containing an arbitration provision executed between Airbnb Inc. and Veronica McCluskey. The motion to compel arbitration was granted and the San Francisco Superior Court stayed the state court proceedings pending the outcome of arbitration proceedings.

20. Plaintiff filed an arbitration claim on behalf of defendants Jeff Henry, Dave Willner and Sanaz Ebrahini. On February 26, 2019 the American Arbitration Association ("AAA") responded to such claim and emailed Plaintiff and Michele Floyd and demanded $200 from Plaintiff to proceed with the arbitration claim and $7,500 from Jeff Henry, Dave Willner and Sanaz Ebrahini by March 12, 2019 or the AAA stated they may close the matter.

21. Plaintiff paid $200 before March 12, 2019.

22. On information and belief, Arbnb inc. did not pay the $7,500 filing fee by the March 12, 2019 due date.

23. On March 13, 2019 the AAA granted Defendants until March 27, 2019 to pay the $7,500 filing fee.

24. On March 29, 2019 the AAA gave Defendants Michele Floyd and Jacqueline Young another extension to pay the $7,500 and moved the due date to April 5, 2019. The AAA stated if payment is not received from Defendants on or before April 5, 2019 the AAA would administratively close the case.

25. On April 9, 2019 the AAA closed the case because on information and belief, Defendant Airbnb Inc. nor SRC Law LLP paid the $7,500 filing fee by April 5, 2019.

26. In an April 17, 2019 email, the AAA stated to Defendant Jacqueline Young in part that please be advised per our conversation this case will remain closed for non-payment and the AAA in part requested proof of payment to move this case forward.

27. The AAA refunded Plaintiff the $200 filing fee for Veronica McCluskey's arbitration claim in a check dated April 23, 2019.

4

28.  On information belief, Defendants finally sent in the $7,500 payment to the AAA on May 1, 2019 and asked the AAA to reopen proceeding.

29.  On May 1, 2019 the AAA contacted Plaintiff and Jacqueline Young and Michele Floyd confirming receipt of Defendants $7,500 filing fee as of May 1, 2019. The AAA also stated in order for this case to now move forward the AAA would need confirmation from Veronica McCluskey that she wants this case reopened since it was previously closed.

30. On May 10, 2019 Plaintiff served Jacqueline Young and Michele Floyd a motion to lift the stay of Ms. McCluskey's lawsuit pending against Jeff Henry, Dave Willner and Sanaz Ebrahini in San Francisco Superior Court based upon 9 U.S.C.A. §3 and other legal and factual grounds.  Plaintiff filed the motion later in the day on May 10, 2019 which was originally scheduled for a June 24, 2019 hearing date.

31. In May 2019 a member of Airbnb Inc's legal department sent the American Arbitration Association an email criticizing the AAA for the closing arbitration proceedings in April 2019. On information and belief, Defendant Airbnb Inc. sent the email in part so the AAA would no longer discuss with Plaintiff the date when the $7,500 payment was received by the AAA because Defendants planned to and did conceal the evidence of the date of the payment to the AAA from Plaintiff.

32.  On or about June 6, 2019 Jacqueline Young requested from Plaintiff that he postpone the hearing because Jacqueline Young stated she was about to go on maternity leave and because Defendant Michele Floyd had a schedule conflict. After Plaintiff agreed to postpone the June 24, 2019 hearing, the San Francisco trial court was contacted and the trial court granted the joint request for an extension. On information and belief, Defendants delayed the June 24, 2019 hearing because they miscalculated the 21 day safe harbor period required under California Code of Civil Procedure 128.7 controlling as to when a sanctions motion must be served before the June 24, 2019 hearing date in San Francisco Superior Court.

33.  Defendant Jacqueline Young then sent Plaintiff a letter over email that stated in part " I write to notify you of Defendants' intent to file a Motion for Sanctions Pursuant to Cal. Civ. Proc. Code Section 128.7 in connection with your and your client's May 10th Motion to Lift

Stay Pursuant to 9 § U.S.C. 3 and C.C.P. § 1281.4 [ ] I have enclosed the notice of motion and all supporting papers setting forth the specific grounds for our request for sanctions as well as the sanctions requested. Per Code, Defendants will file the enclosed notice of motion and all supporting papers to be heard on the noticed date, or on such other date as the parties may agree to, unless you notify Defendants within 21 days after service of this motion that you will withdraw [Veronica McCluskey's] Motion in its entirety. See Cal. Civ. Proc. Code § 128.7(c)(1)." Defendant SRC LLP also served this letter and the sanctions motion and supporting papers upon Plaintiff at his office in Los Angeles, California. However Defendant SRC Law LLP never filed the sanctions motion in San Francisco Superior Court on behalf of Defendants Dave Willner, Jeff Henry and Sanaz Ebrahini.

34. Attached to the sanctions motion was an invoice from Airbnb that included, based on information and belief, false information that Airbnb Inc. had paid their $7,500 filing fee on April 5, 2019 and on information and belief such invoice was prepared to mislead the AAA and Plaintiff concerning the timing of the payment of the $7,500 filing fee Airbnb Inc paid to the AAA.

35. Defendant SRC LLP sent Plaintiff the email on behalf of all the Defendants in an attempt to force Plaintiff to choose between being extorted out of $25,047.70 or withdrawing the motion to lift stay and paying the AAA a filing fee because based on information and belief, no $7,500 payment had been made by Airbnb Inc. on April 5, 2019 to the AAA. The letter was also sent to annoy and harass Plaintiff and to use the threat of disciplinary charges by the state bar to obtain an advantage in a civil dispute between Veronica McCluskey and Defendants Dave Willner, Jeff Henry and Sanaz Enrahini and with the conscious disregard of the rights of Plaintiff, and with the intent to vex, injure or annoy such as to constitute oppression, fraud or malice upon Plaintiff.

36. Defendant SRC LLP sent Plaintiff the sanctions motion and supporting papers on behalf of Defendants via email to force Plaintiff to choose between being extorted out of $25,047.70 or withdrawing the motion to lift stay and paying the AAA a filing fee because based on information and belief, no $7,500 payment had been made by Airbnb Inc. on April 5, 2019 to the AAA. The motion was also sent to annoy and harass Plaintiff and to use the threat of disciplinary charges by the state bar to obtain an advantage in a civil dispute between Veronica McCluskey

and Defendants Dave Willner, Jeff Henry and Sanaz Enrahini and with the conscious disregard of the rights of Plaintiff, and with the intent to vex, injure or annoy such as to constitute oppression, fraud or malice upon Plaintiff.

37. Defendants served Plaintiff at his office the letter from Jacqueline Young on SRC LLP letterhead to force Plaintiff to choose between being extorted out of $25,047.70 by Defendants or withdrawing the motion to lift stay and paying the AAA a filing fee because based on information and belief, no $7,500 payment had been made by Airbnb Inc. on April 5, 2019 to the AAA. The letter was also sent to annoy and harass Plaintiff and to use the threat of disciplinary charges by the state bar to obtain an advantage in a civil dispute between Veronica McCluskey and Defendants Dave Willner, Jeff Henry and Sanaz Enrahini and with the conscious disregard of the rights of Plaintiff, and with the intent to vex, injure or annoy him as to constitute oppression, fraud or malice upon Plaintiff.

38. Defendants sent Plaintiff the June 10, 2019 sanctions motion and supporting papers via email to force Plaintiff to choose between being extorted out of $25,047.70 or withdrawing the motion to lift stay and paying the AAA a filing fee because based on information and belief, no $7,500 payment had been made by Airbnb Inc. on April 5, 2019 to the AAA. The letter was also sent to annoy and harass Plaintiff and to use the threat of disciplinary charges by the state bar to obtain an advantage in a civil dispute between Veronica McCluskey and Defendants Dave Willner, Jeff Henry and Sanaz Enrahini and the letter was also sent with conscious disregard of the rights of Plaintiff, and with the intent to vex, injure or annoy him as to constitute oppression, fraud or malice upon Plaintiff.

39. Defendants served Plaintiff the June 10, 2019 letter from Defendant Jacqueline Young at his office to force Plaintiff to choose between being extorted out of $25,047.70 by Defendants or withdrawing the motion to lift stay because based on information and belief, no payment had been made by Airbnb Inc. on April 5, 2019 to the AAA. The letter was also sent to annoy and harass Plaintiff and to use the threat of disciplinary charges by the state bar to obtain an advantage in a civil dispute between Veronica McCluskey and Defendants Dave Willner, Jeff Henry and Sanaz Enrahini and the letter was sent by Defendants with the conscious disregard of

the rights of Plaintiff, and with the intent to vex, injure or annoy him as to constitute oppression, fraud or malice upon Plaintiff.

40. The sanctions motion also claimed sanctions were due from Plaintiff for conduct in unrelated proceedings including proceedings between Veronica McCluskey and Airbnb Inc. and also proceedings between Veronica McCluskey and William and Roxanne Hendricks with no supporting legal arguments under California or Federal law why sanctions against Plaintiff were warranted for such unrelated legal proceedings and improper purpose.

41. Plaintiff sent Defendant Michele Floyd written correspondence twice requesting documents supporting the payment they claim Airbnb Inc paid on April 5, 2019 in the sanctions motion. On information and belief, proof of the payment was not provided because Defendants planned to and did conceal the evidence of the late payment made by Airbnb Inc.

42. On information and belief, there were multiple communications between both Defendant Michele Floyd and Defendant Airbnb Inc's legal department with the AAA regarding Plaintiff's motion to lift the stay pending in San Francisco Superior Court. On information and belief Airbnb Inc. and Michele Floyd were communicating with the AAA in attempt to blame the AAA for closing arbitration proceedings and also so the AAA would not communicate with Plaintiff about the timing of Airbnb's $7,500 payment.

43. Plaintiff subsequently amended the motion to lift the stay scheduled in San Francisco Superior Court as a result of Defendants sending Plaintiff the letter, sanctions motion and supporting papers.

44. Defendant SRC LLP subsequently served Plaintiff with a second sanctions motion in July 2021 which was filed by SRC LLP after the San Francisco Superior Court denied the amended motion to lift the stay on August 8, 2021. In a declaration attached to the second sanctions motion, Defendant Michele Floyd stated she had knowledge her clients paid their filing fee by April 5, 2019. On information and belief, because Defendant Airbnb Inc. was not a party to the civil dispute between Veronica McCluskey and Dave Willner, Jeff Henry and Sanaz Enrahimi, the Defendants all agreed that if Defendant Michele Floyd offered testimony about the timing of the filing fee, this would conceal from Plaintiff the evidence of the late payment Airbnb Inc. made to the AAA. In opposing the motion to lift the stay in San Francisco Superior Court,

Defendant SRC LLP filed the same Airbnb Inc. invoice with the Court which was served upon Plaintiff as part of the first sanctions motion. In opposing the motion to lift the stay in San Francisco Superior Court, now Defendant Michele Floyd stated in a declaration she had knowledge Airbnb Inc. paid their filing fee by April 5, 2019. On information and belief, because Defendants Airbnb Inc. was not a party to the civil dispute between Veronica McCluskey and Dave Willner, Jeff Henry and Sanaz Enrahimi, the Defendants agreed that if Defendant Michele Floyd offered testimony about the timing of the filing fee, this would conceal from Plaintiff the evidence of the late payment Airbnb Inc. made to the AAA.

45. On August 8, 2019 Plaintiff emailed the American Arbitration Association and copied Defendant Michele Floyd on the email requesting that the AAA provide in part a bank statement indicating receipt of the $7,500 payment from Airbnb Inc. as well as information where such payment was applied when the AAA received it as well as all payments between Airbnb Inc and the AAA from 4/5/2019 and 5/1/2019. Defendant Michele Floyd objected to the AAA responding to Plaintiff's request and stated to the AAA in part the request is not only irrelevant but overly broad. On information and belief, Defendant Michele Floyd objected to the AAA providing any proof of the $7,500 payment by the AAA because Defendants planned to conceal from Plaintiff the evidence of the late payment from Airbnb's bank. The AAA did not provide such information requested by Plaintiff.

46. Defendant SRC LLP sought $70,238.90 in sanctions from Plaintiff at a hearing on September 11, 2019 in San Francisco Superior Court of which $22,159.50 was granted and the other $48,079.40 in fees claimed were denied. Plaintiff opposed such motion and sought fees he incurred as a result of Defendants actions.

47. Plaintiff sought appellate review of Plaintiff's opposition to the sanctions motion in the California Court of Appeals of the September 11, 2019 trial court order and his appeal was denied. Plaintiff also filed a petition for rehearing with the California Appellate Court which was denied. .

48. Plaintiff filed a petition for review of the Appellate Court's ruling with the California Supreme Court which was denied.

49.   Plaintiff filed a petition for certiorari the with the United State Supreme Court which was denied on or about September 27, 2021.

50.   In August 2019 Plaintiff had requested the American Arbitration Association reopen arbitration proceedings between Veronica McCluskey and Defendants, Jeff Henry, Dave Willner and Sanaz Ebrahini and paid the filing fee to the AAA .

51.   Mr. Steven Sauer was appointed arbitrator and he held an initial hearing where Plaintiff requested Mr. Sauer hold a brief evidentiary hearing on when Airbnb had paid the $7,500 filing fee. Defendant Jacqueline Young objected to any such hearing during the telephone conference. Plaintiff followed up with such request in writing with Mr. Steven Sauer and SRC LLP filed opposition papers preventing any such evidentiary hearing on when Airbnb Inc. paid the $7,500 filing fee.  On information and belief, Defendant SRC LLP objected to holding an evidentiary hearing to determine when the $7,500 payment was received by the AAA because Defendants planned to and did conceal from Plaintiff the evidence of the late payment from Airbnb's bank. Mr. Sauer never held such evidentiary hearing.

52.   On information and belief, Defendant Jeff Henry stopped working as an employee for Airbnb Inc. in 2020.

53.   Defendant SRC LLP and Plaintiff agreed to written discovery during arbitration proceedings on behalf of the parties in the arbitration proceedings between Veronica McCluskey and Dave Willner, Jeff Henry and Sanaz Ebrahini in 2020. Plaintiff requested evidence proving when the $7,500 filing fee was paid by Airbnb Inc. On information and belief, Defendant SRC LLP refused to respond to the discovery requests which in part would determine when the $7,500 payment was received by the AAA because Defendants planned to and did conceal the evidence of the late payment from Airbnb's bank. Mr. Sauer held a telephone conference in or around December 2020 but never compelled Dave Willner, Jeff Henry and Sanaz Ebrahini to respond to such written discovery requests.

54.   In May 2021, immediately before the final arbitration hearing, Defendant Jacqueline Young asked the arbitrator Mr. Sauer to limit the issues on trial so the issue of the timeliness of Respondents' payment of AAA administrative fees was not litigated at the hearing and Mr. Sauer granted such request.  On information and belief, Defendant SRC LLP objected to evidence

being presented at the final arbitration hearing to determine when the $7,500 payment was received by the AAA because Defendants planned to continue to and did conceal the evidence of the late payment from Airbnb's bank. Mr. Sauer has not yet held a final live hearing.

55.   Plaintiff had served SRC LLP a subpoena to produce documents at the final arbitration hearing scheduled for May 2021 and Defendant SRC LLP refused to produce any documents at all.  On information and belief, Defendant SRC LLP objected to responding to the subpoena during arbitration proceedings which in part would determine when the $7,500 payment was received by the AAA because Defendants planned to continue to and did conceal the evidence of the late payment of the $7,500 filing fee by Airbnb Inc. to the AAA.

56.   On May 14, 2021 Jacqueline Young made false statements to Mr. Sauer to delay the final arbitration hearing when she stated in part "moreover, the evidence will show that at some point in time, Mr. Mogan was living in one of Ms. McCluskey's Airbnb listings after her termination, which necessarily impacted her ability to rent it and therefore, her damages." On information and belief, Defendant Jacqueline Young made such false statements to Mr. Sauer to delay the final arbitration proceeding so there would be no ability by Plaintiff to determine when the $7,500 payment was received by the AAA at the final arbitration hearing because Defendants planned to continue to and did conceal the evidence of the late payment of the $7,500 filing fee from Airbnb Inc. to the AAA.

57. On information and belief, Defendant Airbnb Inc. paid their $7,500 filing fee on or about May 1, 2019 and purposely concealed this information from Plaintiff up to and including 2021 including which individual instructed the $7,500 payment to finally be made to the AAA May 1, 2019 as well as the identity of the individual employees at Airbnb Inc. whom were responsible for sending the payment to the AAA.

**<u>FIRST CAUSE OF ACTION</u>**
Abuse Of Process
(Against All Defendants)

58.   Plaintiff re-alleges and incorporates by reference paragraphs 1 through 57 as though fully incorporated herein.

59. Defendants' conduct amounts to an abuse of process because Defendants maliciously misused the first sanctions motion and letter sent over email and served upon Plaintiff at his office to accomplish a purpose not warranted by the law. Specifically, Defendants all took part in the preparation and service of the letter and sanctions motion with an ulterior purpose and improperly used such service of process as part of the litigation between Veronica McCluskey and Jeff Henry, Dave Willner and Sanaz Ebrahini in San Francisco Superior Court because on information and belief, the Defendants had failed to timely pay the filing fee in the arbitration proceedings before the AAA which were closed in April 2019.  On information and belief, Defendants all took part in the preparation and service of the sanctions motion with an ulterior purpose and improperly used a process in the litigation between Veronica McCluskey and Jeff Henry, Dave Willner and Sanaz Ebrahini in San Francisco Superior Court because Airbnb Inc. refused to pay SRC LLP the amount of legal fees SRC LLP claimed Airbnb Inc. incurred opposing Plaintiff's motion to lift stay and sanctions motions thus Defendants threatened and then attempted to extort amounts from Plaintiff.

60. Defendants' conduct and fraudulent preparation and service of the letter and first sanctions motion was done intentionally and with the purpose and ulterior motive of delaying the California court hearing for Plaintiff's motion to lift the stay to harass Plaintiff and Defendants acts were committed with the conscious disregard of the rights of Plaintiff and with the intent to vex, injure or annoy him, such as to constitute oppression, fraud or malice upon Plaintiff and Plaintiff also suffered severe emotional distress as a result of Defendants conduct.

61.  Defendants' conduct and fraudulent preparation and service of the sanctions motion upon Plaintiff was an improper use of the process in the litigation of the California proceedings between Plaintiff's client Veronica and Jeff Henry, Dave Willner and Sanaz Ebrahini.

## SECOND CAUSE OF ACTION
### Intentional Infliction Of Emotional Distress
#### (Against Airbnb Inc., Dave Willner, Jeff Henry and Sanaz Ebrahini)

62.  Plaintiff re-alleges and incorporates by reference paragraphs 1 through 61 as though fully incorporated herein.

63. Defendants Airbnb Inc., Dave Willner, Jeff Henry and Sanaz Ebrahini's conduct, as described above, was extreme and outrageous and beyond the bounds of decency tolerated in a civilized society. By Defendants Airbnb Inc., Dave Willner, Jeff Henry and Sanaz Ebrahini's harassment, intimidation and differential treatment of Plaintiff, they have acted outrageously and with reckless disregard of the foreseeable consequences to Plaintiff.

64. Defendant Airbnb Inc., Dave Willner, Jeff Henry and Sanaz Ebrahini intentionally and recklessly disregarded the safety and rights of Plaintiff as described above.

65. Defendant Airbnb Inc., Dave Willner, Jeff Henry and Sanaz Ebrahini's conduct was intended to cause Plaintiff emotional distress and they all acted with a reckless disregard to the probability that Plaintiff would suffer emotional distress. The conduct of Airbnb Inc., Dave Willner, Jeff Henry and Sanaz Ebrahini was intentionally and unreasonably or maliciously engaged in for the purposes of intimidating Plaintiff and was further done to cause Plaintiff humiliation, frustration, fear, emotional injury and distress.

66. Plaintiff suffered severe emotional distress.

67. Defendants Airbnb Inc., Dave Willner, Jeff Henry and Sanaz Ebrahini all were a substantial factor in causing Plaintiff's severe emotional distress.

68. As a direct and proximate cause of the tortious, unlawful, and wrongful acts of Defendant Airbnb Inc., Dave Willner, Jeff Henry and Sanaz Ebrahini, Plaintiff has suffered past and future special damages and past and future general damages in an amount according to proof at trial but at least $10,000,000. Plaintiff has been damaged emotionally and financially, including but not limited to emotional suffering from emotional distress and ridicule, as well as loss of income. As a direct and proximate result of Defendant Airbnb Inc., Dave Willner, Jeff Henry and Sanaz Ebrahini's conduct, Plaintiff has suffered and continues to suffer shock, anger, mental anguish, frustration, humiliation and emotional distress. Plaintiff's damages are in an amount to be proven at trial.

69. In engaging in the conduct as herein above alleged, Defendant Airbnb Inc.'s, Dave Willner's, Jeff Henry's and Sanaz Ebrahini acted with malice, fraud, and oppression and/or in conscious disregard of Plaintiff's health, rights, and well-being, and intended to subject Plaintiff

to unjust hardship, thereby warranting an assessment of punitive and exemplary damages in an amount sufficient to punish Defendant Airbnb Inc.'s, Dave Willner's, Jeff Henry's and Sanaz Ebrahini and deter others from engaging in similar conduct but at least $10,000,000

### THIRD CAUSE OF ACTION
### Intentional Interference With Prospective Economic Relations
(Against Airbnb Inc.)

70. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 69 as though fully incorporated herein.

71.   There existed a specific economic relationship between Plaintiff and Veronica McCluskey that may economically benefit Plaintiff as he is representing Veronica McCluskey in court proceedings.

72. Airbnb Inc. had knowledge of such relationship between Plaintiff and Veronica McCluskey.

73.  Airbnb Inc. was an indemnitor in proceedings between Veronica McCluskey and Defendants Dave Willner, Jeff Henry and Sanaz Ebrahini yet Airbnb Inc. committed intentional acts in assisting in preparing the first sanctions motion, in interfering in arbitration proceedings and in making threats to the AAA so the AAA would not communicate with Plaintiff about the timing of the $7,500 payment, and on information and belief in Airbnb Inc.  preparing the fraudulent invoice sent to Plaintiff in June 2019 and on other acts to be determined during discovery, and all such acts were designed to disrupt Plaintiff's representation of Veronica McCluskey.

74.  As a result of Defendant Airbnb Inc's conduct as alleged herein there was actual disruption of Plaintiff's economic relationship with Veronica McCluskey because the AAA refused to act as a neutral service provider since May 2019 in refusing to disclose the  timing of the payment multiplying such proceedings.

75.  There was actual disruption of the Plaintiff's relationship with Veronica McCluskey because Plaintiff was forced to amend the motion to lift stay.

76. Such disruption caused damages to Plaintiff as he was required to expend significant resources reviewing and preparing to respond to the sanctions motion that was never filed with

14

any Court as Defendant Jacqueline Young stated the motion was going to be filed 21 days after it was served upon Plaintiff.

### FOURTH CAUSE OF ACTION
**Civil Conspiracy**
(Against Airbnb Inc., Dave Willner, Jeff Henry and Sanaz Ebrahini)

77.  Plaintiff re-alleges and incorporates by reference paragraphs 1 through 76 as though fully incorporated herein.

78.  Plaintiff is further informed and believes and thereon allege that each and all of the acts herein alleged as to each defendant Airbnb Inc., Dave Willner, Jeff Henry and Sanaz Ebrahini was authorized and directed by Airbnb Inc., Dave Willner, Jeff Henry and Sanaz Ebrahini, who ratified, adopted, condoned and approved said acts with full knowledge of the consequences thereof, and memorialized the authority of the agent in writings subscribed by the principal.

79.  Plaintiff is informed and believe and thereon allege that each of the defendants Airbnb Inc., Dave Willner, Jeff Henry and Sanaz Ebrahini agreed among each other to commit the unlawful acts (or acts by unlawful means) described in this Complaint.

80.  The desired effect of the conspiracy was to defraud and otherwise deprive Plaintiff of his constitutionally protected rights to property and of his rights under other laws as set forth herein. Each of the Defendants Airbnb Inc., Dave Willner, Jeff Henry and Sanaz Ebrahini herein committed an act in furtherance of the agreement. Injury was caused to Plaintiff by the defendants Airbnb Inc., Dave Willner, Jeff Henry and Sanaz Ebrahini as a consequence.

81.  As a direct and legal result of Defendants Airbnb Inc., Dave Willner, Jeff Henry and Sanaz Ebrahini's willful, malicious and unfair conducts to Plaintiff, he has suffered and continues to suffer damages.

82.  As a direct and legal result of Defendant Airbnb Inc., Dave Willner, Jeff Henry and Sanaz Ebrahini's willful and unfair conduct, Plaintiff has suffered damages.

83.  As a proximate and direct result of Defendants Airbnb Inc., Dave Willner, Jeff Henry and Sanaz Ebrahini's aforementioned wrongful conduct, Plaintiff has been damaged in an amount to be proven at trial.

84. Plaintiff is informed and believes, and thereon alleges, that Defendants Airbnb Inc., Dave Willner, Jeff Henry and Sanaz Ebrahini's conduct was committed with the conscious disregard of the rights of Plaintiff, and with the intent to vex, injure or annoy such as to constitute oppression, fraud or malice entitling Plaintiff to punitive and exemplary damages.

### FIFTH CAUSE OF ACTION
### Federal Civil RICO, 18 U.S.C. 3 1962(c)
(Against Airbnb Inc., Dave Wilner, Jeff Henry and Sanaz Ebrahini)

85. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 84 as though fully incorporated herein.

86. Airbnb Inc., is an online marketplace and hospitality service, enabling people to lease or rent short-term lodging including vacation rentals, apartment rentals, homestays, hostel beds, or hotel rooms. The company does not own any lodging; it is merely a broker and receives percentage service fees (commissions) from both guests and hosts in conjunction with every booking.

87. With the rise of Airbnb Inc. as a service provider in California, numerous individuals and business entities decided to partner with vacation and short term rental homeowners to provide quality property management services.

88. As detailed above in paragraphs 1-87 and as described further below, Defendants conducted or participated in the conduct of an association in fact enterprise, through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(c).

89. Alternatively, the Defendants Airbnb Inc, Dave Willner, Jeff Henry and Sanaz Ebrahini (the "RICO Defendants") through an agreement to commit two or more predicate acts, conspired to conduct or participate in the conduct of an enterprise, through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(d). The actions of Airbnb Inc., Dave Willner, Jeff Henry and Sanaz Ebrahini as against Plaintiff, and as described above and as further described below, were in furtherance of Airbnb Inc's, Dave Willner's, Jeff Henry's and Sanaz Ebrahini's conspiracy and in violation of 18 U.S.C. § 1962(d).

90. The association-in-fact enterprise and alternative enterprise, as alleged herein, was not limited to the predicate acts as described above and as further described below and such

predicate acts extended beyond the racketeering activity. Rather, an enterprise existed separate and apart from the pattern of racketeering activity for the legitimate business purpose of managing short term rental business operated primarily through Airbnb's website.

91.   Airbnb Inc., Dave Willner, Jeff Henry and Sanaz Ebrahini violated RICO and Plaintiff was injured as a result.

92.   Each Defendant, Airbnb Inc., Dave Willner, Jeff Henry and Sanaz Ebrahini is a "person" capable of holding legal or beneficial interest in property within the meaning of 18 U.S.C. §1961(3).

93.   Each Defendant, Airbnb Inc, Dave Willner, Jeff Henry and Sanaz Ebrahini violated 18 U.S.C. §1962(c) by the acts described in the prior paragraphs, and as further described below.

94.   The Enterprise. Defendants Airbnb Inc., Dave Willner, Jeff Henry and Sanaz Ebrahini together form an association-in-fact enterprise that acted together for the common and continuing purpose described herein and constituted an enterprise within the meaning of 18 U.S.C. §1961(4) engaged in the conduct of their affairs through a continuing pattern of racketeering activity concealing the timing of arbitration filing fees by Arbitration claimants and on information and belief many other individuals in order to increase revenues for the AAA and arbitrators for arbitration claims where Airbnb Inc. is a party and also to prevent Claimants from seeking legal remedies under Federal and California law when Airbnb fails to timely pay filing fees. Airbnb Inc, also prefers arbitration so they are able conceal criminal activity at Airbnb rentals from the public eye. The members of the enterprise functioned as a continuing unit with an ascertainable structure separate and distinct from that of the conduct of the pattern of racketeering activity. To advance their aims, Defendants Airbnb Inc., Dave Willner, Jeff Henry and Sanaz Ebrahini pooled their resources, knowledge, skills, and labor to  achieve continuing pattern of racketeering activity as members of the enterprise. There may also be other members of the enterprise who are unknown at this time which on information and belief includes multiple individuals of Airbnb's legal department.  Defendants Airbnb Inc., Dave Willner, Jeff Henry and Sanaz Ebrahini and the AAA played a part in conducting the association in fact enterprise's affairs in utilizing computer equipment to attempt to extort Plaintiff of his money and commit

acts of wire fraud and violations of the Hobbs Act. Defendants Airbnb Inc, Dave Willner, Jeff Henry and Sanaz Ebrahini acts and the AAA are inherently unlawful and were done in pursuit of unlawful goals of wire fraud and extortion. Defendants Airbnb Inc, Dave Willner, Jeff Henry and Sanaz Ebrahini's and the AAA's enterprise has engaged in, and their activities have affected, interstate commerce. On information and belief Defendants Airbnb Inc, Dave Willner, Jeff Henry and Sanaz Ebrahini decision to threaten and extort Plaintiff was made by all the RICO Defendants and there may be other individuals who participated as well. On information and belief, the RICO Defendants are withholding evidence of the timing of filing fees for other arbitration claims to circumvent the consumer protections of the Federal Arbitration Act and SB 707 as part of the RICO Defendants racketeering acts. SRC LLP, Airbnb Inc. and the AAA has refused to provide such information on the timing of Airbnb Inc's payment of the filing fees for an arbitration claim involving Airbnb Payments Inc. and Ms. McCluskey as well.

95. <u>Alternative enterprise</u>. Defendants Airbnb Inc. and Jeff Henry, together form an association-in-fact enterprise that acted together for the common and continuing purpose described herein and constituted an enterprise within the meaning of 18 U.S.C. §1961(4) engaged in the conduct of their affairs through a continuing pattern of racketeering activity in concealing evidence of the timing of Airbnb Inc.'s arbitration filing fees as acts of fraud extorting Plaintiff and committing acts of mail fraud and violations of the Hobbs Act and there may be other individuals as well. On information and belief, Jeff Henry left his employment position at Airbnb Inc. in 2020 thus was no longer an employee of Airbnb Inc. thereafter. Defendants Airbnb Inc. and Jeff Henry, each participated in a distinct association-in-fact enterprise and have worked in concert to achieve market efficiencies toward their common aim of concealing evidence of the timing of Airbnb Inc.'s arbitration filing fees and committing acts of mail fraud and violations of the Hobbs Act. Defendants Airbnb Inc. and Jeff Henry's acts were inherently unlawful and were done in pursuit of unlawful goals of extorting Plaintiff and committing acts of mail fraud and violations of the Hobbs Act. Defendants Airbnb Inc. and Jeff Henry's enterprise has engaged in, and their activities have affected, interstate commerce.

96. <u>Pattern of Racketeering Activity</u>. Defendants Airbnb Inc, Dave Willner, Jeff Henry and Sanaz Ebrahini, each of whom are persons associated with, or employed by, the enterprise or

alternative enterprise, did knowingly, willfully and unlawfully conduct or participate, directly or indirectly, in the affairs of the enterprise through a pattern of racketeering activity within the meaning of 18 U.S.C. §§ 1961(1), 1961(5), and 1962(c). The racketeering activity was made possible by Defendants Airbnb Inc., Dave Willner, Jeff Henry and Sanaz Ebrahini's regular and repeated use of the facilities and services of the enterprise by using the internet in interstate commerce to commit acts of extortion against Plaintiff and acts of mail wire fraud against Plaintiff. It was part of the Defendants Airbnb Inc., Dave Willner, Jeff Henry and Sanaz Ebrahini's scheme to conspire to interfere with Plaintiff's business and livelihood in retaliation for proceeding with litigation on behalf of his client Ms. McCluskey in the California state courts. It was part of Defendants Airbnb Inc., Dave Willner, Jeff Henry and Sanaz Ebrahini's scheme to destroy Plaintiff's business in retaliation for providing truthful information to the San Francisco Superior Court. Defendants Airbnb Inc., Dave Willner, Jeff Henry and Sanaz Ebrahini had the specific intent to engage in the substantive RICO violations alleged herein. Defendants Airbnb Inc., Dave Willner, Jeff Henry and Sanaz Ebrahini interfered with Plaintiff's lawful livelihood by affecting his ability to operate his business in a lawful manner.

97. Predicate acts of racketeering activity are acts which are indictable under provisions of the U.S. Code enumerated in 18 U.S.C. §1961(I)(B), as more specifically alleged below. The RICO Defendants each committed at least two such acts or else aided and abetted such acts.

98. The acts of racketeering were not isolated, but rather the acts of Defendants Airbnb Inc., Dave Willner, Jeff Henry and Sanaz Ebrahini were related in that they had the same or similar purpose and result, participants, victims and method of commission. Further, the acts of racketeering by Defendants Airbnb Inc., Dave Willner, Jeff Henry and Sanaz Ebrahini have been continuous. There was repeated unlawful conduct and upon information and belief and the threat of such conduct continues. Defendants Airbnb Inc., Dave Willner, Jeff Henry and Sanaz Ebrahini acts of extortion and violations of the Hobbs Act and acts of wire fraud against Plaintiff all related to their racketeering acts in suppressing unlawful conduct of the RICO Defendants. Defendants Airbnb Inc., Dave Willner, Jeff Henry and Sanaz Ebrahini have engaged in past unlawful conduct and there also exists a threat of future unlawful conduct. The predicate acts are

part of the association in fact enterprise's and alternative enterprise's regular way of doing business and there is a continued threat of repetition of all such conduct.

99.  The association-in-fact enterprise and alternative enterprise, as alleged herein, was not limited to the predicate acts and extended beyond the racketeering activity. Rather, an enterprise existed separate and apart from the pattern of racketeering activity for the legitimate business purpose of managing short-term rental businesses operated primarily through Airbnb Inc's website. Defendants Airbnb Inc., Dave Willner, Jeff Henry and Sanaz Ebrahini have had and do have, legitimate business plans outside the pattern of racketeering activity in committing acts of extortion and violations of the Hobbs Act and acts of wire fraud against Plaintiff.

100.      Plaintiff had a right to pursue a lawful business which has long been recognized as a property right within the protection the Fifth and Fourteenth Amendments of the Constitution.

101.      Defendants Airbnb Inc.'s, Dave Willner, Jeff Henry and Sanaz Ebrahini participated in the operation and management of the enterprise and association-in-fact enterprise by overseeing and coordinating the commission of multiple acts of racketeering as described above and further described below.

102.      Defendants Airbnb Inc., Dave Willner, Jeff Henry and Sanaz Ebrahini attempted interference with Plaintiff's business relationship with his client Veronica McCluskey was an attempted restraint upon Plaintiff's operational efficiency and an attempted restraint upon interstate commerce by Defendants Airbnb Inc., Dave Willner, Jeff Henry and Sanaz Ebrahini.

103.      Defendants Airbnb Inc., Dave Willner, Jeff Henry and Sanaz Ebrahini attempted interference with Plaintiff's relationship with his client was an attempted restraint upon Plaintiff's operational efficiency and attempted restraint upon interstate commerce by such Defendants.

104.      The RICO Defendants operate a legitimate business purpose in operating short term rentals which is operated primarily through Airbnb Inc.'s website, which engages in interstate and foreign commerce.

105.      Each RICO Defendant Airbnb Inc., Dave Willner, Jeff Henry and Sanaz Ebrahini agreed to participate, directly or indirectly, through a pattern of racketeering activity comprised

of acts of wire fraud, extortion and violation of the Hobbs Act and each Defendant so participated in violation of 18 U.S.C. § 1962(c).

106.   Predicate Act: Use of Wires to Defraud Plaintiff in Violation of 18 U.S.C.  §1343. On June 7, 2019 the RICO Defendants directly or indirectly committed an indictable offense under 18 U.S.C. §1343 as Defendant Jacqueline Young called Plaintiff over the telephone on behalf of the RICO Defendants and she stated that unless Plaintiff drops his motion to lift the stay filed in San Francisco Superior Court and Plaintiff commence arbitration proceedings and pay the AAA the filing fee, the RICO Defendants will seek $25,047.70 from Plaintiff.  On information and belief, the RICO Defendants used the telephone and email to devise such plan to threaten Plaintiff before Defendant Jacqueline Young made such threatening phone call to Plaintiff on June 7, 2019. The RICO Defendants had devised a scheme to defraud and obtain money from Plaintiff by false pretenses as on information and belief they had not paid their $7,500 filing fee timely. The telephone call made to Plaintiff was an act in interstate commerce for the purpose of executing the RICO Defendants fraudulent scheme.

107.   Predicate Act. Extortion. In June 2019 Plaintiff was served a sanctions motion over email via the internet that was never filed stating the RICO Defendants would seek $25,047.70 from Plaintiff unless he abandoned seeking relief in San Francisco Superior Court and filed a claim with the AAA which required a filing fee thus the RICO Defendants committed extortion under Federal law by threatening to harm Plaintiff's business and professional reputation for the purpose of forcing Plaintiff to withdraw state court filings  and proceed in front of the AAA which would include payment of the filing fee to the AAA. The RICO Defendants threatened force caused Plaintiff to experience fear of economic loss which constituted extortion as Plaintiff had a right to make decisions free from outside pressure which the RICO Defendants wrongfully imposed.  Plaintiff did eventually pay the AAA a filing fee from his own funds in August 2019 as a result of the RICO Defendants acts.

108.   Predicate Act. Extortion. In June 2019 Plaintiff was sent a letter over email via the internet stating the RICO Defendants would seek $25,047.70 from Plaintiff unless he abandoned relief in San Francisco Superior Court and filed a claim with the AAA a filing fee thus the RICO Defendants committed extortion under Federal law by threatening to harm Plaintiff's business

21

and professional reputation for the purpose of forcing Plaintiff to pay such funds to the AAA. The RICO Defendants threatened force caused Plaintiff to experience fear of economic loss which constituted extortion as Plaintiff had a right to make business decisions free from outside pressure which the RICO Defendants wrongfully imposed. Plaintiff did make a payment to the AAA in August 2019 as a result of the RICO Defendants acts.

109.     <u>Predicate Act. Extortion</u>. In June 2019 Plaintiff was served a sanctions motion at his office in Los Angeles that was never filed with the San Francisco Court stating the RICO Defendants would seek $25,047.70 from Plaintiff unless he abandoned relief in San Francisco Superior Court and filed a claim with the AAA and paid the AAA a filing fee thus the RICO Defendants committed extortion under Federal law by threatening to harm Plaintiff's business and professional reputation for the purpose of forcing Plaintiff to pay funds to the AAA. On information and belief, the RICO Defendants used the mail, telephone and email to effectuate such service of the documents on Plaintiff in Los Angeles each of which is a separate predicate act. The RICO Defendants threatened force caused Plaintiff to experience fear of economic loss which constituted extortion as Plaintiff had a right to make decisions free from outside pressure which the RICO Defendants wrongfully imposed.  Plaintiff did make a payment to the AAA in August 2019 as a result of such RICO Defendants acts.

110.     <u>Predicate Act. Extortion</u>. In June 2019 Plaintiff was sent a letter over email via the internet from SRC LLP stating the RICO Defendants would seek $25,047.70 from Plaintiff unless he abandoned relief in San Francisco Superior Court and sought relief in front of the AAA and paid the AAA a filing fee thus the RICO Defendants committed extortion under Federal law by threatening to harm Plaintiff's business and professional reputation for the purpose of forcing Plaintiff to pay such funds to the AAA. The RICO Defendants threatened force caused Plaintiff to experience fear of economic loss which constituted extortion as Plaintiff had a right to make business decisions free from outside pressure which the RICO Defendants wrongfully imposed.  Plaintiff did make a payment to the AAA in August 2019 as a result of such acts by the RICO Defendants.

111.     <u>Predicate Act. Violation of the Hobbs Act 18 USC §1951.</u> In June 2019 Plaintiff was served a sanctions motion at his office in Los Angeles that was never filed with the

California court stating the RICO Defendants would seek $25,047.70 from Plaintiff unless he abandoned relief in San Francisco Superior Court and sought relief in front of the AAA and paid the AAA a filing fee.  Plaintiff had a property right in the continuation of his business without such coercive threats and these wrongful acts by the RICO Defendants were made in furtherance of their plan and purpose, and they violated the Hobbs Act. Plaintiff had a right to make decisions free from wrongful coercion which was a protected property right. Plaintiff had a right to make decisions free from threatened destruction which are protected property rights under the Hobbs Act. The RICO Defendants induced Plaintiff's consent to give up property to the AAA as Plaintiff paid the filing fee to the AAA, and Plaintiff also was forced to give up the right to conduct business freely with AAA.

112.     Predicate Act. Violation of the Hobbs Act 18 USC §1951. In June 2019 Plaintiff was served a letter at his office in Los Angeles that was never filed stating the RICO Defendants would seek $25,047.70 from Plaintiff unless he abandoned relief in San Francisco Superior Court and filed and sought relief in front of the AAA and paid the AAA a filing fee.  Plaintiff had a property right in the continuation of his business without such coercive threats and these wrongful acts by the RICO Defendants were made in furtherance of their plan and purpose, and they violated the Hobbs Act. Plaintiff had a right to make business decisions free from wrongful coercion which was a protected property right. Plaintiff had a right to make decisions free from threatened destruction and physical harm which are protected property rights under the Hobbs Act. The RICO Defendants induced Plaintiff's consent to give up property to the AAA, as well as the right to conduct business freely with AAA.

113.     Predicate Act. Violation of the Hobbs Act 18 USC §1951. In June 2019 Plaintiff was served a sanctions motion at his office in Los Angeles that was never filed stating the RICO Defendants would seek an inordinate amount of money from Plaintiff unless he abandoned relief in San Francisco Superior Court and instead would seek relief in front of the AAA which would require payment of a filing fee by Plaintiff to the AAA.  Plaintiff had a property right in the continuation of his business without such coercive threats and these wrongful acts by the RICO Defendants were made in furtherance of their plan and purpose, and they violated the Hobbs Act. Plaintiff had a right to make business decisions free from wrongful coercion which was a

protected property right. Plaintiff had a right to make decisions free from threatened destruction and physical harm which are protected property rights under the Hobbs Act. The RICO Defendants induced Plaintiff's consent to give up property to the AAA, as well as the right to conduct business freely with AAA.

114.    Defendants Airbnb Inc, Dave Willner, Jeff Henry and Sanaz Ebrahini racketeering activity involved a series of events, beginning with Airbnb's contact in May 2019 with the AAA and also including Defendants extortion of Plaintiff, Defendants acts of violations of the Hobbs Act, and wire fraud, were all interrelated.

115.    On or about May 28, 2019 the California Senate passed Senate Bill 707 and the Governor signed such bill into law which provided for harsh penalties if a company who is a party to an arbitration agreement fails to pay the required fees to initiate arbitration within 30 days of its due date, as will be deemed to have materially breached the arbitration contract. Defendant SRC Law LLP and Airbnb Inc. are also withholding evidence from Plaintiff of the timing of Airbnb Inc's payment of filing fees for arbitration proceedings that were commenced between Airbnb Payments Inc. and Plaintiff's client Veronica McCluskey which proceedings were commenced in 2020.

116.    On information and belief, the RICO Defendants are withholding evidence of the timing of filing fees for other arbitration claims to circumvent the consumer protections of the Federal Arbitration Act and SB 707 as part of the RICO Defendants racketeering acts. SRC LLP, Airbnb Inc. and the AAA has refused to provide such information on the timing of Airbnb Inc's payment of the filing fees for an arbitration claim involving Airbnb Payments Inc. and Ms. McCluskey as well.

117.    Plaintiff had a right to conduct his law practice without the RICO Defendants interference and Plaintiff's rights which include the right to make decisions and to solicit business free from wrongful coercion and Defendants interfered with Plaintiff's rights.

118.    A relationship existed between Defendant Airbnb Inc's, Dave Willner, Jeff Henry and Sanaz Ebrahini's retaliatory actions described above and their underlying wrongdoing.

119.    Because retaliatory acts are inherently connected to the underlying wrongdoing exposed by Plaintiff, a relationship existed between Defendants Airbnb Inc., Dave Willner, Jeff

Henry and Sanaz Ebrahini's unlawful enterprise and the predicate acts involving extortion, wire fraud and violations of the Hobbs Act committed by the RICO Defendants as alleged.

120.     Defendants Airbnb Inc., Dave Willner, Jeff Henry and Sanaz Ebrahini were actors in the scheme in extorting Plaintiff and in the RICO Defendants violations of the Hobbs Act and acts of wire fraud thus a factual link existed between such schemes. A temporal relationship between the predicate acts involving the RICO Defendants acts of extortion and violations of the Hobbs Act acts and wire fraud existed thus these schemes were related and the continuity requirement under RICO is satisfied.

121.     Defendants Airbnb Inc., Dave Willner, Jeff Henry and Sanaz Ebrahini carried out their scheme in different states and could not have done so unless they used the internet over a number of years thus Defendants engaged in, and their activities have affected, interstate commerce. Specifically, on information and belief RICO Defendants Airbnb Inc. Dave Willner, Jeff Henry and Sanaz Ebrahini used wire and U.S. mail the telephone for the purpose of continuing their unlawful scheme in Oregon and California and Arizona.

122.     Defendants Airbnb Inc., Dave Willner, Jeff Henry and Sanaz Ebrahini used wire communications for the purpose of continuing their unlawful scheme to commit acts of extortion and violations of the Hobbs Act acts and wire fraud against Plaintiff.

123.     The agents of Defendants Airbnb Inc., Dave Willner, Jeff Henry and Sanaz Ebrahini used false representations and deceptive communications and Plaintiff has been damaged as a direct and proximate result of Defendants' participation in such enterprise, as alleged herein.

124.     Defendants Airbnb Inc., Dave Willner, Jeff Henry and Sanaz Ebrahini violations of federal law as set forth herein, each of which directly and proximately injured Plaintiff, constituted a continuous course of conduct spanning a period since 2019 which acts continue, which was intended to convince others to commit unlawful acts through fraud, deceit, and other improper and unlawful means. Therefore, said violations were a part of a pattern of racketeering activity under 18 U.S.C.§1961(l) and (5).

125.     Defendants Airbnb Inc., Dave Willner, Jeff Henry and Sanaz Ebrahini have conducted and/or participated, directly and/or indirectly, in the conduct of the affairs of the

alleged enterprises through a pattern of racketeering activity as defined herein in violation of 18 U.S.C. §1962(c).

126.     The unlawful actions of Defendants Airbnb Inc., Dave Willner, Jeff Henry and Sanaz Ebrahini and each of them, have directly, illegally, and proximately caused and continue to cause injuries to Plaintiff's livelihood and his business. Plaintiff seeks an award of damages in compensation for, among other things, the destruction of Plaintiff's business and lost income.

127.     Plaintiff accordingly seeks an award of three times the damages he sustained, and the recovery of reasonable attorneys' fees and costs of investigation and litigation, as well as any other relief as authorized by statute.

## SIXTH CAUSE OF ACTION

### Conspiracy to Engage in a Pattern of Racketeering
### Activity: 18 U.S.C. §1962(d)
(Against Airbnb Inc., Dave Willner, Jeff Henry and Sanaz Ebrahini)

128.     Plaintiff incorporates by reference all the preceding paragraphs 1-127 of this Complaint as if fully set forth herein.

129.     In violation of 18 U.S.C. § 1962(d), the Defendants Airbnb Inc., Dave Willner, Jeff Henry and Sanaz Ebrahini and each of them, knowingly, willfully, and unlawfully conspired to facilitate a scheme which included the operation or management of a RICO enterprise through a pattern of racketeering activity as alleged above.

130.     The conspiracy commenced at least as early as 2019 and there is a continued threat of repetition of such conduct.

131.     The conspiracy's purpose was to conceal evidence of the timing of late payments in arbitration proceedings and to commit unlawful acts through false representations, fraud, deceit, and other improper and unlawful means in furtherance of the conspiracy. Therefore, said violations were a part of a pattern of racketeering activity under 18 U.S.C. § 1961(l) and (5).

132.     The conspiracy's purpose was to interfere with Plaintiff's lawful business and livelihood by means of Defendant Airbnb Inc, Dave Willner, Jeff Henry and Sanaz Ebrahini's acts of extortion, violations of the Hobbs Act, wire fraud, deceit, and other improper and unlawful means. Therefore, said violations were a part of a pattern of racketeering activity under 18 U.S.C. § 1961(l) and (5). There is also a continued threat of repetition of such conduct.

133.    Each RICO Defendant, Airbnb Inc, Dave Willner, Jeff Henry and Sanaz Ebrahini committed at least one overt act in furtherance of such conspiracy. These acts in furtherance of the conspiracy included, acts of extortion and violations of the Hobbs Act acts and wire fraud as alleged above.

134.    Even if each of Defendants Airbnb Inc. Dave Willner, Jeff Henry and Sanaz Ebrahini did not agree to harm Plaintiff specifically, the purpose of the acts they engaged in was to advance the overall object of the conspiracy, and the harm to Plaintiff was a reasonably foreseeable consequence of Airbnb Inc.'s Dave Willner's, Jeff Henry's and Sanaz Ebrahini's actions.

135.    Plaintiff has been injured and continues to be injured in his business and property by Defendant Airbnb Inc.'s Dave Willner's, Jeff Henry's and Sanaz Ebrahini's conspiracy in violation of 18 U.S.C. 5 1962(d). The unlawful actions of Defendant Airbnb Inc.'s Dave Willner's, Jeff Henry's and Sanaz Ebrahini, and each of them, have directly, illegally, and proximately caused and continue to cause injuries to Plaintiff in his business or property. Plaintiff seeks an award of damages in compensation for destruction of Plaintiff's business, and lost business income.

136.    Plaintiff further seeks an award of three times the damages he sustained, and the recovery of reasonable attorneys' fees and costs of investigation and litigation, as well as any other relief as authorized.

## SEVENTH CAUSE OF ACTION
## Unfair Business Practices Under Business & Professions Code Sections 17200, et seq.
(Against Airbnb Inc.)

137.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 136 as though fully incorporated herein.

138.    Defendant Airbnb Inc. has engaged in constant and continuous unlawful, fraudulent and unfair business acts or practices, within the meaning of the California Business and Professions Code § 17200, et seq.

139.    The acts or practices alleged constitute a pattern of behavior, pursued as a wrongful business practice that has victimized and continues to victimize Plaintiff. Defendant Airbnb's acts in concealing the timing of payment of filing fees from lawyers involved in

arbitration proceedings,  on information and belief preparing false invoices and extorting Plaintiff out of money and threatening Plaintiff is unlawful.

140.    Defendant Airbnb Inc. willfully violated Unfair Business Practices under Business & Professions Code Sections 17200, et seq.

141.    Defendant' Airbnb Inc's illegal scheme constitutes unfair competition and unlawful, unfair, and fraudulent business acts and practices in violation of California Business and Professions Code Sections 17200, et seq.

142.    California Business and Professions Code Section 17200, et seq. prohibits businesses from engaging in "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising," and was designed to protect competitors and consumers from illegal, fraudulent and "unfair" business practices.

143.    Defendant Airbnb Inc. engaged in fraudulent, unfair and deceptive business behavior and knowingly misrepresented material information to Plaintiff and the American Arbitration Association.

144.    As described above, Defendants have violated California's Unfair Competition Law (Business and Professions Code § 17200 et seq.

145.    Defendant Airbnb Inc's activities also constitute unfair business practices in violation of California Business & Professions Code Sections 17200 et seq. (UCL), because Defendant Airbnb Inc's practices violate the above noted laws, and/or violate an established public policy and/or the practice is immoral, unethical, oppressive, unscrupulous and substantially injurious to Plaintiff and the public.

146.    Defendant Airbnb Inc., through at least 2019, have conducted a pattern of Unfair Business Practice under Business & Professions Code Sections 17200, et seq.

147.    UCL defines unfair competition to include any unlawful, unfair, or fraudulent business act or practice. The UCL authorizes this Court to issue whatever orders or judgments may be necessary to prevent unfair or unlawful practices, or to "restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition." Id.§ 17203.

148.    UCL prohibits businesses from engaging in "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising," and was designed to protect competitors and consumers from illegal, fraudulent and "unfair" business practices.

149.    As a result of their unlawful acts, Defendant Airbnb Inc. has reaped and continues to reap unfair benefits at the expense of Plaintiff.

150.    Defendant Airbnb Inc. has been unjustly enriched.

151.    As a direct and legal result of Defendant Airbnb Inc's willful, malicious and unfair conduct to Plaintiff, he has suffered and will continue to suffer damages.

152.    As a proximate and direct result of Defendant Airbnb Inc's aforementioned wrongful conduct, Plaintiff has been damaged in an amount to be proven at trial.

153.    Plaintiff is informed and believes, and thereon alleges, that Defendant Airbnb Inc.'s conduct was committed with the conscious disregard of the rights of Plaintiff and with the intent to vex, injure or annoy, such as to constitute oppression, fraud or malice entitling Plaintiff to punitive and exemplary damages.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

### FIRST CAUSE OF ACTION
#### Abuse Of Process

1. Award of damages to Plaintiff for the abuse of the legal process in an amount not less than $100,000, said amount to be proven at trial;

2. Awarding Plaintiff monetary damages in an amount not less than $10,000,000 for emotional distress and mental suffering, said amount to be proven at trial;

3. Awarding Plaintiff his litigation expenses, including reasonable attorneys' fees, costs, and disbursements;

4. Awarding Plaintiff punitive damages and exemplary damages in the sum of not less than $10,000,000 or an amount otherwise to be decided by a jury;

5. Granting such other relief as the case may require or as may be deemed proper and equitable.

## SECOND CAUSE OF ACTION
### Intentional Infliction Of Emotional Distress

1. Awarding Plaintiff monetary damages in an amount not less than $10,000,000, said amount to be proven at trial;

2. Awarding Plaintiff his litigation expenses, including reasonable attorneys' fees, costs, and disbursements;

3. Awarding Plaintiff punitive damages and exemplary damages in the sum of not less than $10,000,000 or an amount otherwise to be decided by a jury;

4. Granting such other relief as the case may require or as may be deemed proper.

## THIRD CAUSE OF ACTION
### Intentional Interference With Prospective Economic Relations

1. Awarding Plaintiff monetary damages in an amount not less than $100,000 said amount to be proven at trial;

2. Awarding Plaintiff his litigation expenses, including reasonable attorneys' fees, costs, and disbursements;

3. Awarding Plaintiff punitive damages and exemplary damages in an amount otherwise to be decided by a jury;

4. Granting such other relief as the case may require or as may be deemed proper and equitable.

## FOURTH CAUSE OF ACTION
### Civil Conspiracy

1. Awarding Plaintiff monetary damages in an amount not less than $100,000 said amount to be proven at trial;

2. Awarding Plaintiff his litigation expenses, including reasonable attorneys' fees, costs, and disbursements;

3. Awarding Plaintiff punitive damages and exemplary damages for an amount otherwise to be decided by a jury;

4. Granting such other relief as the case may require or as may be deemed proper and equitable.

<u>FIFTH AND SIXTH CAUSE OF ACTIONS</u>
<u>(RICO Violations)</u>

1. For the RICO violations, an award of trebled damages as consistent with 18 U.S.C. § 1964(c), that Plaintiff would have received but for Defendants' unlawful conduct, including but not limited to compensatory and actual damages, reasonable attorneys' fees, pre-judgment interest, post-interest, costs and an award that this Court deems just and proper.

2. An order enjoining Defendants from future participation in their unlawful enterprise.

3. Grant to Plaintiff whatever other relief is just and proper.

<u>SEVENTH CAUSE OF ACTION</u>
<u>(Unfair Business Practices Under Business & Professions Code Sections 17200, et seq.)</u>

1. To recover damages and other monetary relief under the Unfair Business  Practices (Business & Professions Code Sections 17200, et seq.) not less than $100,000 said amount to be proven at trial;

2. For disgorgement of profits from the unfair and unlawful business practices of Defendants and restitution of all monies and benefits which were unlawfully withheld, and for such orders or judgments, as may be necessary to restore to Plaintiff any money or property which may have been acquired by means of unlawful or unfair business acts and practices;

3. For an award of attorneys' fees, expenses, expert fees and costs incurred by plaintiffs in vindicating their rights including fees;

4. For appropriate and equitable relief; and

5. For all such other and further relief that the Court may deem just and proper.

**JURY TRIAL DEMAND**

Plaintiff demands a jury trial on issues so triable.

Dated: October 29, 2021

/s/ Michael Mogan
Michael Mogan
Attorney for Plaintiff