UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MOGAN,<br><br>Plaintiff,<br><br>v.<br><br>SACKS, RICKETTS & CASE LLP, et al.,<br><br>Defendants. | Case No. 21-cv-08431-TSH<br><br>**ORDER RE: MOTION FOR SANCTIONS; MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT**<br><br>Re: Dkt. Nos. 32, 34 |

## I.   INTRODUCTION

Plaintiff Michael Mogan, an attorney licensed in California, brought this case against Airbnb and three of its employees, Jeff Henry, Dave Willner and Sanaz Ebrahini (collectively, "Defendants") for claims related to a sanction award against him in an underlying state court action brought on behalf of a client.  The Court previously dismissed the case, and Defendants now move for sanctions and an order declaring Mogan a vexatious litigant.  ECF Nos. 32 (sanctions motion), 34 (vexatious litigant motion).  Mogan filed an Opposition to the sanctions motion (ECF No. 37), but not the vexatious litigant motion.  Defendants filed a Reply (ECF No. 45).  The Court finds these matters suitable for disposition without oral argument and **VACATES** the February 3, 2022 hearing.  *See* Civ. L.R. 7-1(b).  Having considered the parties' positions, relevant legal authority, and the record in this case, the Court **GRANTS** Defendants' motion for sanctions and **DENIES** their motion to declare Mogan a vexatious litigant for the following reasons.[1]

---

[1] The parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).  ECF Nos. 8, 18, 23.

## II.   BACKGROUND

The facts of the action are well known to the parties, and the Court has previously summarized the background of this case in its January 10, 2022 Order Granting Motions to Dismiss (the "MTD Order").  ECF No. 38; *Mogan v. Sacks, Ricketts & Case LLP*, 2022 WL 94927 (N.D. Cal. Jan. 10, 2022).  The Court incorporates by reference the factual background set forth in the MTD Order.[2]

## III.   SANCTIONS

Defendants move the Court to award Federal Rule of Civil Procedure 11 sanctions against Mogan in the form of an order to pay their reasonable attorney's fees incurred in this matter.  They argue the complaint is sanctionable because it is frivolous and baseless, and no reasonable attorney would have found the complaint to be well-founded after conducting a reasonable and competent inquiry.  Mot. at 8-10.  They further argue sanctions are appropriate because the complaint was brought for an improper purpose, namely to harass and retaliate against those involved in his defeats in prior litigation.  *Id.* at 10-11.

### A.   Legal Standard

Rule 11 of the Federal Rules of Civil Procedure imposes upon attorneys a duty to certify that they have read any pleadings or motions they file with the court and that such pleadings/motions are well-grounded in fact, have a colorable basis in law, and are not filed for an improper purpose.  Fed. R. Civ. P. 11(b); *Bus. Guides, Inc. v. Chromatic Commc'ns Enterprises, Inc.*, 498 U.S. 533, 542 (1991).  Frivolous filings, or filings made for improper purpose, undermine this certification.  *Est. of Blue v. Cty. of Los Angeles*, 120 F.3d 982, 985 (9th Cir. 1997); *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362-63 (9th Cir. 1990).  Frivolous filings are both (1) objectively legally or factually baseless; and (2) made without a reasonable and competent inquiry.  *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002); *Buster v. Greisen*, 104 F.3d 1186, 1190 (9th Cir. 1997), *as amended on denial of reh'g* (Mar. 26, 1997).  Similarly, whether a filing is made for an improper purpose is judged objectively.  *Townsend*, 929

---

[2] For the reasons stated in that order, the Court also grants the parties' requests for judicial notice.

F.2d at 1362.  If an attorney violates Rule 11(b), courts may impose appropriate sanctions under Rule 11(c)(1).  Sanctions do not require a finding of bad faith, but under Rule 11(c)(4) they are limited to what is sufficient to deter repetition of the sanctioned conduct.

"Rule 11 is an extraordinary remedy, one to be exercised with extreme caution." *Operating Eng'rs Pension Tr. v. A-C Co.*, 859 F.2d 1336, 1345 (9th Cir. 1988).  Thus, in determining whether Rule 11 has been violated, a "court must consider factual questions regarding the nature of the attorney's pre-filing inquiry and the factual basis of the pleading." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 399 (1990).  However, courts should "avoid using the wisdom of hindsight and should test the signer's conduct by inquiring what was reasonable to believe at the time the pleading, motion, or other paper was submitted."  Fed. R. Civ. P. 11 Advisory Comm. Notes (1983 Amendment).  "[T]he imposition of a Rule 11 sanction is not a judgment on the merits of an action.  Rather, it requires the determination of a collateral issue: whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate." *Cooter*, 496 U.S. at 396.

## B.     Analysis

Defendants argue Mogan's complaint is baseless because all seven causes of action are barred by the preclusive effect of the state court's rulings on the motion to lift the stay and the motion for sanctions in the underlying state court action.  The Court agrees.  As this Court discussed in its previous order on Defendants' motion to dismiss, the state trial court found that Airbnb had timely paid its arbitration fee, that the "American Arbitration Association made a clerical error by misapplying defendants' timely fees" and administratively closing the case, and that Mogan failed to respond to AAA's repeated request for him to confirm that his client wanted to reopen her case. *Mogan*, 2022 WL 94927, at *7; *see also* Taylor Decl. Ex. 21, ECF No. 34-22.[3] The court admonished Mogan's client, Veronica McCluskey, saying that it would "not allow [her] to take advantage of the AAA's clerical error and her own lengthy delays in order to evade her contractual obligation to arbitrate her claims, if she wishes to pursue them."  Taylor Decl. Ex. 20,

---

[3] The Court took judicial notice of the state court's order and other related documents in its previous order.  MTD Order at 2-3; *Mogan*, 2022 WL 94927, at *1-2.

ECF No. 34-21.  On Defendants' motion for sanctions, the superior court found Mogan's motion

to lift the stay "was both factually and legally frivolous" and that the "contention that defendants

were in 'default' in the arbitration proceedings was entirely lacking in either evidentiary or legal

support."  *Id.*, Ex. 21.  The court reiterated that AAA misapplied the timely fees paid by Airbnb

and that Mogan "sought to take advantage of the AAA's clerical error and [McCluskey's] own

lengthy delays in order to evade her contractual obligation to arbitrate her claims and to avoid the

effect of the Court's earlier order granting defendants' motion to compel arbitration."  *Id.*

Additionally, the court's order admonished Mogan personally for his "baseless and

unprofessional" accusations that Airbnb lied and committed fraud upon the court with respect to

the timeliness of the payments.  *Id.*  As a result, Mogan was sanctioned $22,159.50 for the fees

incurred by Airbnb in opposing the motion.  *Id.*  The state appellate court affirmed this award,

noting, among other things, that Mogan's motion to lift the stay was a "clear contradiction of the

order compelling arbitration."  *Id.*, Ex. 23 at 12, ECF No. 34-23.  The appellate court also

reasoned that "[n]o reasonable attorney could conclude, as Mogan contends, that AAA had

determined the case would not be reopened due to defendants' conduct."  *Id.* at 16.

Despite the state courts' rulings, Mogan brought seven counts in this case, ranging from

abuse of process and unfair business practices to conspiracy and racketeering—premised on the

allegations that (1) Airbnb failed to pay its arbitration fee on time and lied about it, and (2) Airbnb

sought sanctions for improper purposes like harassment and extortion.  Because these allegations

have already been rejected on multiple occasions in state court, a complaint premised on the same

allegations is frivolous.  As noted in its previous order, not only do Mogan's five state law claims

fail under California's litigation privilege, Cal. Civ. Code § 47(b), but all seven of his claims are

also barred by the doctrine of issue preclusion because they were brought after final adjudication

of these issues in state court.  *Mogan*, 2022 WL 94927, at *5-9; *see Buster*, 104 F.3d at 1190 (Rule

11 sanctions proper where claims barred by issue preclusion) (citing *In re Grantham Brothers*, 922

F.2d 1438, 1442 (9th Cir. 1991) (collateral attack with no basis in law or fact is frivolous under

Rule 11), *cert. denied*, 502 U.S. 826 (1991)); *Maciosek v. Blue Cross & Blue Shield United of

Wisconsin*, 930 F.2d 536, 542 (7th Cir. 1991) (finding that Rule 11 sanctions can be awarded

when parties assert the same or similar claims in lawsuits raising claims previously decided in

other cases); *Welk v. GMAC Mortg., LLC*, 720 F3d 736, 738-39 (8th Cir. 2013) (same); *Roberts v.*

*Chevron*, 117 F.R.D. 581 (M.D. La. 1987) (bringing state court action attacking prior federal

judgment and failing to dismiss after removal justified Rule 11 sanctions; reasonable inquiry

would have shown that res judicata barred action), *aff'd*, 857 F.2d 1471 (5th Cir. 1988)).

Further, the Court finds that no reasonable attorney would have found the complaint to be

well-founded after conducting a reasonable and competent inquiry.  *See Estate of Blue*, 120 F.3d at

985 ("When a reasonable investigation would reveal that a claim is barred by res judicata or

collateral estoppel, for example, Rule 11 sanctions may be imposed within the district court's

discretion.").  "The reasonable inquiry test is meant to assist courts in discovering whether an

attorney, after conducting an objectively reasonable inquiry into the facts and law, would have

found the complaint to be well-founded."  *Holgate v. Baldwin*, 425 F.3d 671, 677 (9th Cir. 2005).

"It is well-settled in the Ninth Circuit that the filing of 'successive complaints based upon

propositions of law previously rejected may constitute harassment under Rule 11.'"  *Kaufman v.*

*Int'l Long Shore & Warehouse Union*, 2017 WL 3335760, at *5 (N.D. Cal. Aug. 4, 2017) (quoting

*Buster*, 104 F.3d at 1190).

Here, Mogan had no need to conduct an inquiry into the facts because he personally

experienced them while litigating the underlying state court cases.  He was personally sanctioned

for moving to lift the stay based on the purported untimeliness of Airbnb's arbitration payment

and admonished for his unprofessional claims that Airbnb and its counsel were lying about the

timing of Airbnb's payment.  Taylor Decl., Exs. 21-23.  Likewise, he is well aware that Airbnb's

sanctions motion was granted for the reasons stated in the court's order, yet he still claims that the

motion was brought solely for improper purposes.  No reasonable attorney would, after such

sanctions and admonitions, think that claims premised on those very facts, even when embellished

into new theories, would form a "well-founded" complaint.  Moreover, a reasonable inquiry into

the law would have revealed that Airbnb's alleged conduct underlying the complaint was

protected against his state law claims by California's litigation privilege.  *See Bletas v. Deluca*,

2011 WL 13130879, at *11 (S.D.N.Y. Nov. 15, 2011) (concluding that pro se plaintiffs failed to

1    undertake a reasonable inquiry into the governing law and sanctioning them for bringing claims

2    premised on privileged statements made in arbitration and court proceedings).

3            Finally, the complaint is also sanctionable because it was brought for an improper purpose.

4    The Ninth Circuit has held that "efforts to relitigate [a] prior case . . . support[s] a finding of

5    harassment." *Buster*, 104 F.3d at 1190.[4]  Here, Mogan attempted to relitigate numerous prior

6    cases, simply refusing to accept prior rulings in Defendants' favor.  After being sanctioned in state

7    court and admonished for his false and unprofessional accusations, the Court finds Mogan's

8    complaint offers no reasonable basis for which an action could proceed, and his sole purpose is to

9    harass and retaliate against Defendants.  These litigation tactics warrant sanctions under Rule 11.

10           Mogan argues Defendants failed in their motion to dismiss to argue that California's

11    litigation privilege applies to allegations in his complaint regarding a draft motion for sanctions

12    they served but did not file in the state court action.  Opp'n at 7.  However, a review of the motion

13    to dismiss shows that Defendants argued the litigation privilege applies to "all of Airbnb's alleged

14    conduct that underlies the Complaint."  Mot. to Dismiss at 9, ECF No. 12.  And as the Court

15    affirmed in its dismissal order, the litigation privilege applies to all of the state causes of action in

16    Mogan's complaint because each relies exclusively on allegations related to communications

17    made in litigation or arbitration to achieve the objects of litigation or arbitration.  MTD Order at 7-

18    10; *Silberg v. Anderson*, 50 Cal. 3d 205, 212 (1990) (the privilege "applies to any publication

19    required or permitted by law in the course of a judicial proceeding to achieve the objects of the

20    litigation, even though the publication is made outside the courtroom and no function of the court

21    or its officers is involved.").  This is true of all the complaint's factual allegations as they pertain

22    to the state-law causes of action, including those related to the "sanctions motion never filed in

23    state court and the arbitration proceedings," Opp'n at 7, and any other emails sent or

24    communications made while litigating or arbitrating the underlying matters, *id.* at 10.  Further, as

25    the Court affirmed in dismissing this action, Mogan's remaining federal-law claims are barred by

26

27    _____

      [4] In his opposition, Mogan argues that *Buster* is inapposite because his complaint is not barred by
28    issue preclusion, whereas the complaint underlying *Buster* was.  Opp'n at 12-13.  However,
      Mogan's claims are barred by issue preclusion.  *See* MTD Order at 10-15.

United States District Court
Northern District of California

issue preclusion, and so those arguments also fail.  MTD Order at 10-15.  For these reasons, no licensed California attorney could file a complaint based on these privileged communications and legally barred issues in good faith after conducting an objectively reasonable inquiry into the facts and law.  *Holgate*, 425 F.3d at 677 ("Even the most cursory legal inquiry would have revealed the required elements of the federal claims asserted, elements that the Holgates' complaint did not allege.") (citing *Truesdell v. S. Cal. Permanente Med. Group*, 293 F.3d 1146, 1153 (9th Cir. 2002)).

Mogan also argues Defendants' motion "is fatally flawed" because it does "not discuss[] each of Plaintiff's claims in the complaint even in summary form."  Opp'n at 10.  This argument is without merit, as the motion addresses the inadequacies of each of the seven causes of action in light of the litigation privilege and issue preclusion.  Belaboring the merits of each individual claim was unnecessary given that Mogan is barred from bringing all of them.  Mogan also asserts that Defendants "do not claim the [complaint's] allegations are utterly lacking in support."  *Id.* at 8.  However, Defendants have, in fact argued that Mogan's claims utterly lack support.  *See, e.g.*, Mot. at 1 ("Mogan's Complaint before this Court brings outlandish causes of actions premised entirely upon facts already rejected in state court—claims for which he was previously sanctioned."); *id.* at 8-9 (arguing that the complaint's allegations are entirely barred by issue preclusion and the California litigation privilege).  That is the central argument of all of Defendants' briefing.

Mogan contends Defendants gave inadequate notice of their intent to seek sanctions and that the Rule 11 motion did not describe the specific conduct they challenge.  Opp'n at 9. However, Defendants served the motion on Mogan more than 24 days before they filed it, to account for Rule 11's 21-day safe harbor plus a three-day extension for service by mail.  Fed. R. Civ. P. 11(c)(2), 6(d); *see also* ECF No. 33 (Proof of Service).  The motion described the "specific conduct" Defendants challenge: the filing of his complaint in this case.  The reasons for challenging the complaint are also made clear in Defendants' briefing.  For example, the motion states:

Mogan has been repeatedly defeated in arbitration, state court, and

federal court, both on the merits of his client's claims and in the secondary squabbles about whether his client must arbitrate and whether Airbnb timely paid its arbitration fee. Mogan nonetheless refuses to accept the courts' and arbitrators' rulings and now brings yet another action on the same grounds, this time suing in his personal capacity and repackaging his claims using nonsensical conspiracy and racketeering theories. The allegations underlying these claims—that Airbnb filed its arbitration fee late and that Airbnb had an improper purpose in moving for sanctions—have been repeatedly rejected in state court.

Mot. at 7. The motion also argues that the complaint's allegations are barred by issue preclusion and California's litigation privilege, as well as for the remaining reasons explained in the motion to dismiss. *Id.* at 8-9. Thus, Mogan had adequate notice of Defendants' intent to seek sanctions and the specific conduct at issue.

In sum, the Court finds Mogan's complaint was frivolous and therefore grants Defendants' motion to sanction him under Rule 11.[5] The Court agrees that an award of reasonable fees and costs is an appropriate deterrent here. As the Ninth Circuit has explained, an award of attorney fees can be "an appropriate deterrent to future frivolous suits." *Cook v. Peter Kiewit Sons Co.*, 775 F.2d 1030, 1037 (9th Cir. 1985) (quoting *Callow v. Amerace Corp.*, 681 F.2d 1242, 1243 (9th Cir. 1982)) (affirming sanctions). As Defendants have submitted no evidence of their fees and costs, they shall file a separate motion, bearing in mind that fee awards under Rule 11 are subject to two conditions. First, the fee award is limited to fees "directly resulting from the violation." Fed. R. Civ. P. 11(c)(4). Second, the fees to be awarded must be reasonable. *See* Fed. R. Civ. P. 11(c)(2), (4) (Rule 11 permits recovery of "all of the reasonable attorney's fees and other expenses directly resulting from the violation" and for "the reasonable expenses, including attorney's fees, incurred for the [sanctions] motion."). Courts typically determine reasonableness by conducting a lodestar analysis of the hours expended and the hourly rate charged. *See McGrath v. Cty. of*

---

[5] As part of his opposition, Mogan asks the Court to rule that Defendants' Rule 11 motion "is itself frivolous and was filed for malicious and improper purposes," and he therefore "seeks costs and sanctions for having to file this opposition or a sanction payable to the Court and non-monetary sanctions" under Rule 11. Opp'n at 13-14. As an initial matter, Mogan's request cannot be entertained because it violates Rule 11's procedural requirements. Fed. R. Civ. P. 11(c)(2) ("A motion for sanctions must be made separately from any other motion . . . . The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper . . . is withdrawn or appropriately corrected within 21 days after service . . . ."). Regardless, given the success of Defendants' motion, this argument is without merit.

1  *Nevada*, 67 F.3d 248, 252 (9th Cir. 1995) (citing *Hensley v. Eckerhart*, 461 U.S. 424 (1983)).

2      In addition, "[a] sanction imposed under this rule must be limited to what suffices to deter

3  repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P.

4  11(c)(4). And sanctions may not be imposed for expenses incurred in proceedings bearing only an

5  "attenuated" relation to the sanctionable conduct. *See Lloyd v. Schlag*, 884 F.2d 409, 415 (9th Cir.

6  1989) (finding that a motion to reopen and amend bore only "attenuated" relation to frivolous

7  complaint previously filed). "A district court should [also] exclude from the lodestar amount

8  hours that are not reasonably expended because they are excessive, redundant, or otherwise

9  unnecessary." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000)

10  (citation and internal quotation marks omitted).

11                          **IV.   VEXATIOUS LITIGANT**

12      Defendants also move the Court to declare Mogan a vexatious litigant, to impose pre-filing

13  restrictions against him pursuant to the Court's inherent power to control vexatious litigants, and

14  to impose pre-filing sanctions against him pursuant to the Court's inherent power to regulate

15  attorneys' abusive or bad-faith litigation practices. ECF No. 34.

16  **A.    Legal Standard**

17      Federal courts can "regulate the activities of abusive litigants by imposing carefully

18  tailored restrictions under . . . appropriate circumstances." *De Long v. Hennessey*, 912 F.2d 1144,

19  1147 (9th Cir. 1990) (quotation marks omitted). The All Writs Act, 28 U.S.C. § 1651(a), provides

20  district courts with the inherent power to enter pre-filing orders against vexatious litigants. *See*

21  *also De Long*, 912 F.2d at 1147 ("enjoining litigants with abusive and lengthy [litigation] histories

22  is one such . . . restriction" that courts may impose). "Restricting access to the courts is, however,

23  a serious matter." *Ringgold-Lockhart v. Cty. of Los Angeles*, 761 F.3d 1057, 1061 (9th Cir. 2014).

24  Thus, "[o]ut of regard for the constitutional underpinnings of the right to court access, 'pre-filing

25  orders should rarely be filed,' and only if courts comply with certain procedural and substantive

26  requirements." *Id.* (quoting *De Long*, 912 F.2d at 1147). When district courts seek to impose pre-

27  filing restrictions, they must: (1) give litigants notice and "an opportunity to oppose the order

28  before it [is] entered"; (2) compile an adequate record for appellate review, including "a listing of

United States District Court
Northern District of California

1  all the cases and motions that led the district court to conclude that a vexatious litigant order was

2  needed"; (3) make substantive findings of frivolousness or harassment; and (4) tailor the order

3  narrowly so as "to closely fit the specific vice encountered." *De Long*, 912 F.2d at 1147-48.

4  **B.    Analysis**

5          In deciding whether to enter a pre-filing order constraining a litigant's scope of actions in

6  future cases, the Court must engage in "a cautious review of the pertinent circumstances." *Molski*

7  *v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007).  Having done so here, the Court

8  does not believe such an order is warranted.  First, Mogan has filed only two cases in this District,

9  and this is the only one brought against the Airbnb defendants.  "[T]wo cases is far fewer than

10  what other courts have found 'inordinate.'"  *Ringgold-Lockhart*, 761 F.3d R 1065 ("Whether a

11  litigant's motions practice in two cases could ever be so vexatious as to justify imposing a pre-

12  filing order against a person, we do not now decide.  Such a situation would at least be extremely

13  unusual, in light of the alternative remedies available to district judges to control a litigant's

14  behavior in individual cases.").  Second, these appear to be the only cases Mogan has filed on

15  behalf of himself.  Even if the Court were to consider Mogan's client's state court cases against

16  Defendants, they number far fewer than the number of cases the Ninth Circuit has found meet the

17  standard for declaring a vexatious litigant.  *See id.* (citing *Molski*, 500 F.3d at 1060 (roughly 400

18  similar cases); *Wood v. Santa Barbara Chamber of Com., Inc.*, 705 F.2d 1515, 1523, 1526 (9th

19  Cir. 1983) (35 actions filed in 30 jurisdictions); *In re Oliver*, 682 F.2d 443, 444 (3d Cir. 1982)

20  (more than 50 frivolous cases); *In re Green*, 669 F.2d 779, 781 (D.C. Cir. 1981) (per curiam)

21  (between 600 and 700 complaints)).  Finally, while much of Defendants' argument focuses on the

22  related arbitration and state court proceedings, it is unclear how declaring Mogan a vexatious

23  litigant and imposing a pre-filing order against him in this District would affect proceedings in

24  those jurisdictions.  Accordingly, the Court denies Defendants' motion to declare Mogan a

25  vexatious litigant.[6]

26

27  _____

28  [6] Mogan's motion to extend time to file an opposition to Defendants' motion (ECF No. 46) is
therefore denied as moot.

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## V.    CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendants' motion for sanctions in the form of attorney's fees and costs.  As instructed above, Defendants shall file a separate motion by February 10, 2022.  Defendants' motion to declare Mogan a vexatious litigant is **DENIED**. However, the Court advises Mogan that if he files another action against Defendants premised on the same transactional nucleus of facts, the Court will be more likely to entertain a request to subject him to a pre-filing injunction pursuant to 28 U.S.C. § 1651(a).

**IT IS SO ORDERED.**

Dated: January 12, 2022

THOMAS S. HIXSON
United States Magistrate Judge

11