United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MOGAN,<br><br>    Plaintiff,<br><br>    v.<br><br>SACKS, RICKETTS & CASE LLP, et al.,<br><br>    Defendants. | Case No. 21-cv-08431-TSH<br><br>**ORDER DENYING MOTION FOR RECUSAL**<br><br>Re: Dkt. No. 54 |

Pending before the Court is Plaintiff Michael Mogan's Motion for Recusal. ECF No. 54. Plaintiff seeks recusal of the undersigned judge based on lack of impartiality, bias, and prejudice shown in previous rulings.

Motions to disqualify or recuse a judge fall under two statutory provisions, 28 U.S.C. § 144 and 28 U.S.C. § 455. Section 144 requires a party seeking recusal to file a timely and sufficient affidavit averring that the judge before whom the matter is pending has a personal bias or prejudice either against the party or in favor of an adverse party, and setting forth the facts and reasons for such belief. 28 U.S.C. § 144. Similarly, § 455 requires a judge to disqualify himself "in any proceeding in which his impartiality might reasonably be questioned," 28 U.S.C. § 455(a), including where the judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding," *id.* § 455 (b)(1).

The Court finds that Plaintiff's motion fails as a matter of law as he has not established any basis on which the Court's impartiality might reasonably be questioned. "Ordinarily, the alleged bias must stem from an 'extrajudicial source.'" *United States v. Hernandez*, 109 F.3d 1450, 1454 (9th Cir. 1997) (citing *Liteky v. United States*, 510 U.S. 540, 554-56 (1994)). Thus, while judicial rulings may constitute grounds for an eventual appeal, they are not a valid basis for a motion for

recusal. *See Liteky v. United States*, 510 U.S. 540, 555 (1994); *see also Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984) ("A judge's previous adverse ruling alone is not sufficient bias."); *McCoy v. Stronach*, 2021 WL 147989, at *1-2 (E.D. Cal. Jan. 15, 2021) (denying plaintiff's motion for disqualification based on adverse ruling on motion). To the extent Plaintiff has issue with the Court's orders and the substance therein, the proper procedure is to appeal the orders to the Ninth Circuit Court of Appeals.

Accordingly, the Court **DENIES** Plaintiff's motion for recusal.

**IT IS SO ORDERED.**

Dated: January 18, 2022

THOMAS S. HIXSON
United States Magistrate Judge