UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MOGAN,<br><br>   Plaintiff,<br><br>v.<br><br>SACKS, RICKETTS & CASE LLP, et al.,<br><br>   Defendants. | Case No. 21-cv-08431-TSH<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 53 |

Plaintiff Michael Mogan seeks leave to file a motion for reconsideration of this Court's January 12, 2022 order imposing Rule 11 sanctions, arguing a manifest failure by the Court to consider material facts of dispositive legal arguments. ECF No. 53.

Under Civil Local Rule 7-9(a), a motion for reconsideration may be granted before entry of judgment adjudicating all of the claims and rights and liabilities of all the parties in a case. Civ. L.R. 7-9(a). A motion for reconsideration may be made on three grounds: (1) a material difference in fact or law exists from that which was presented to the court, which, in the exercise of reasonable diligence, the moving party did not know at the time of the order for which reconsideration is sought; (2) the emergence of new material facts or a change of law; or (3) a manifest failure by the court to consider material facts or dispositive legal arguments. Civ. L.R. 7-9(b). Motions for reconsideration are disfavored and "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1254 (9th Cir. 1999) (per curiam) (internal quotation and citation omitted). Furthermore, "[a] motion for reconsideration 'may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the

litigation.'" *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). Further, the moving party may not reargue any written or oral argument previously asserted to the court.  Civ. L.R. 7-9(c).

Here, the Court finds Plaintiff's motion consists entirely of arguments he raised earlier in the litigation or arguments that he could have raised earlier.  To the extent Plaintiff has issue with the Court's order and the substance therein, the proper procedure is to appeal the order to the Ninth Circuit Court of Appeals.  The Court also notes that Plaintiff raises nearly identical arguments in his pending motion to alter or amend judgment, ECF No. 52, and it is unnecessary to have those issues briefed in two separate motions.  Accordingly, Plaintiff's motion for leave to file a motion for reconsideration is **DENIED**.

**IT IS SO ORDERED.**

Dated: January 18, 2022

THOMAS S. HIXSON
United States Magistrate Judge