1

2

3

4

5

6

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

7

8

9

10

11

MICHAEL MOGAN,

            Plaintiff,

    v.

SACKS, RICKETTS & CASE LLP, et al.,

            Defendants.

Case No. 21-cv-08431-TSH

**ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT**

Re: Dkt. No. 52

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.    INTRODUCTION

Plaintiff Michael Mogan, an attorney licensed in California, brought this case against Airbnb and three of its employees, Jeff Henry, Dave Willner and Sanaz Ebrahini (collectively, the "Airbnb Defendants") and counsel that represented the Airbnb Defendants, Sacks, Ricketts & Case, LLP and two of its attorneys, Michele Floyd and Jacqueline Young (collectively, the "SRC Defendants") for claims related to a sanction award against him in an underlying state court action. On January 10, 2022, the Court granted the defendants' motions to dismiss as to all claims. ECF No. 38. Mogan now moves for relief from judgment under Federal Rule of Civil Procedure 59(e)(2). ECF No. 52. The Airbnb Defendants filed an opposition (ECF Nos. 57) and Mogan filed a Reply (ECF No. 58). The SRC Defendants did not file a response. The Court finds this matter suitable for disposition without oral argument and **VACATES** the February 17, 2022 hearing. *See* Civ. L.R. 7-1(b). Having considered the parties' positions, relevant legal authority, and the record in this case, the Court **DENIES** Mogan's motion for the following reasons.[1]

_____

[1] The parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). ECF Nos. 8, 18, 23.

United States District Court
Northern District of California

United States District Court
Northern District of California

## II.   BACKGROUND

The facts of the action are well known to the parties, and the Court has previously summarized the background of this case in its January 10, 2022 Order Granting Motions to Dismiss (the "MTD Order").  ECF No. 38; *Mogan v. Sacks, Ricketts & Case LLP*, 2022 WL 94927 (N.D. Cal. Jan. 10, 2022).  The Court incorporates by reference the factual background set forth in that order.

## III.   LEGAL STANDARD

Rule 59(e) allows a court to alter or amend a judgment within 28 days after entry of the judgment.  "[A]ltering or amending a judgment under Rule 59(e) is an 'extraordinary remedy.'" *Rishor v. Ferguson*, 822 F.3d 482, 491 (9th Cir. 2016).  A district court ordinarily will only alter a judgment if "(1) the court committed manifest errors of law or fact, (2) the court is presented with newly discovered or previously unavailable evidence, (3) the decision was manifestly unjust, or (4) there is an intervening change in the controlling law."  *Id.* at 491-92.  A court should grant such motions "sparingly." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011); *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (Rule 59(e) applies only in "highly unusual circumstances.").

## IV.   DISCUSSION

### A.   Airbnb Defendants

In its MTD Order, the Court held Mogan's state-law causes of action against the Airbnb Defendants were barred by both California's litigation privilege and issue preclusion, and that his federal-law causes of action were barred by issue preclusion.  Mogan argues the Court committed error because California's litigation privilege only applies to communications made in "good faith contemplation of an imminent, impending resort to the judicial system for the purpose of resolving a dispute," as opposed to communications that are mere "tactical ploy[s] to negotiate a bargain" or "hollow threat[s]."  Mot. at 9-11.  According to Mogan, the communications at issue—service of the Airbnb Defendants' first (unfiled) sanctions motion and the accompanying communications in the state-court action—were intended by the Airbnb Defendants only as a threat and were never intended to be filed with the court.  *Id.*  He argues there was no reason to serve a sanctions motion

2

1    because arbitration proceedings were closed and the motion for which the Airbnb Defendants

2    sought sanctions had already been denied.  *Id.* at 10.  But as the Court determined, service of the

3    first motion and the accompanying communications were "pursuant to and in accordance with

4    California Civil Procedure Code § 128.7(c)(1)[4]."  MTD Order at 9.  The Court held that "[i]t is

5    clear that serving a motion in compliance with the rules—a motion that was ultimately granted by

6    the superior court—was a step in the litigation process," especially because the revised motion,

7    which was filed and granted, "asserted substantively the same arguments as the previous version."

8    *Id.*

9         Despite this ruling, Mogan asserts that whether the communications fall outside the scope

10   of the litigation privilege could not be decided on a motion to dismiss because his complaint did

11   not allege that the Airbnb Defendants intended in good faith to file the first sanctions motion.

12   Mot. at 11.  But a plaintiff cannot escape the litigation privilege simply because his own complaint

13   does not allege good-faith intent on behalf of his adversaries.  Mogan cites no authority for this

14   proposition in his motion, which would swallow the litigation privilege entirely.  In any event, this

15   newly raised argument is not properly considered here.  *Kona Enterprises, Inc.*, 229 F.3d at 890

16   ("A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time

17   when they could reasonably have been raised earlier in the litigation.").[2]

18   As to his federal law claims, Mogan contends they should not have been dismissed because

19   his complaint alleges the predicate acts of wire fraud and violations of the Hobbs Act, 18 U.S.C. §

20   1951.  Mot. at 13-14.  But for the reasons explained by the Court, issue preclusion bars the

21   allegations on which those alleged predicate acts rely.  MTD Order at 10-15.  Mogan challenges

22   the Court's ruling as to the privity element of issue preclusion, arguing the doctrine does not apply

23   because neither he nor Airbnb (as opposed to the individual Airbnb defendants) were parties to the

24   underlying state court proceedings.  Mot. at 13-16.  However, as the Court explained with respect

25

26   _____

27   [2] Mogan also asserts that the Court failed to discuss privity with respect to the litigation privilege.
     Mot. at 12.  However, privity is not element of the litigation privilege, and as the Court held,
     Airbnb's counsel were "participants" in the state-court litigation for the purposes of the privilege.

28   MTD Order at 9 (quoting *Silberg v. Anderson*, 50 Cal. 3d 205, 219 (1990), *as modified* (Mar. 12,
     1990)).

United States District Court
Northern District of California

United States District Court
Northern District of California

1    to Airbnb, "issue preclusion does not require identical parties on both sides of the courtroom;

2    rather, it applies when 'asserted against one who was a party in the first suit or one in privity with

3    that party.'" MTD Order at 14-15 (quoting *Samara v. Matar*, 5 Cal. 5th 322, 327 (2018)). As

4    such, the Court held, "it is irrelevant whether Airbnb was a party or in privity with a party to the

5    original action." *Id.* at 15. The Court also rejected the contention that Mogan was not in privity

6    with a party to the state action, holding:

7
8
9
10
11
12
13
14

> [I]t is clear that [Mogan] was in privity with [his client] McCluskey.
> "[P]rivity requires the sharing of an identity or community of interest,
> with adequate representation of that interest in the first suit, and
> circumstances such that the nonparty should reasonably have
> expected to be bound by the first suit." *DKN Holdings [LLC v.
> Faerber*, 61 Cal. 4th 813, 826 (2015)] (citation and quotation marks
> omitted). Mogan should have "expected to be bound" by the state
> court's timeliness finding. The state court sanctioned him for moving
> to lift the stay on the basis that the timeliness of Airbnb's payment
> was "fully known" to him at the time of filing, and he was admonished
> for accusing Airbnb's counsel of misconduct and lying about the
> timeliness of the payment. After these repercussions, which
> implicated him personally, Mogan cannot be allowed to relitigate the
> factual allegations on the grounds that he did not expect to be bound
> by the state court's decision.

15    *Id.* at 14 (second citation omitted). Mogan suggests this leads to an unfair result because he

16    previously had "no incentive to vigorously litigate the issue[s]." Mot. at 15 (emphasis omitted)

17    (citing *Roos v. Red*, 130 Cal. App. 4th 870, 880 (2005)). This argument is without merit, as

18    Mogan was not only litigating on behalf of a client in the prior proceeding, but he was also

19    incentivized to advocate on his own behalf, given the personal admonition and sanctions assessed

20    against him. MTD Order at 14. Regardless, his argument that he lacked an incentive to litigate

21    vigorously is another new argument that is not properly considered here. *Kona Enterprises, Inc.*,

22    229 F.3d at 890.

23       Finally, Mogan contends the Court erred in granting judicial notice of records from judicial

24    and arbitration proceedings, arguing that doing so required the Court to treat the matter as one for

25    summary judgment under Rule 56. Mot. at 16-17. However, as explained in its previous order,

26    the Court can judicially notice undisputed matters of public record like court filings, transcripts,

27    and arbitration proceedings. MTD Order at 2. Contrary to Mogan's argument that the Court

28    considered irrelevant background information not presented in the complaint, Mot. at 16-17, the

1    Court's decision exclusively relied on records from the state court action that were either directly

2    relevant to the issues of issue preclusion and the litigation privilege or that Mogan referenced in

3    his own complaint.  As the Court ruled, the Court may properly consider judicially noticed

4    exhibits for those purposes without converting the motion into one for summary judgment.  MTD

5    Order at 2-3; *see also Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (2001) (noting a court

6    may consider records relied on by a complaint and matters of public record without converting a

7    motion to dismiss into a motion for summary judgment).  Additionally, judicial notice is proper at

8    the motion to dismiss stage to "determine what issues were actually litigated" for preclusion

9    purposes.  *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006)

10   (taking judicial notice of court filings to determine what issues were actually litigated in prior

11   action for purposes of issue preclusion); *Holder v. Holder*, 305 F.3d 854, 866 (9th Cir. 2002)

12   (taking judicial notice of state court decision and related filed briefs for purposes of determining

13   prior judgment's preclusive effect).

14          Accordingly, the Court denies Mogan's motion as to the Airbnb Defendants.

15   **B.     SRC Defendants**

16          Mogan brought one claim against the SRC Defendants for abuse of process.  The Court

17   granted the SRC Defendants' motion to dismiss the claim under California's Anti-SLAPP statute,

18   Cal. Civ. Proc. Code § 425.16, finding it was premised exclusively on litigation-related speech and

19   activity and therefore privileged under California Civil Code section 47.  MTD Order at 15-23.

20          Mogan argues the Court committed error in granting the SRC Defendants' motion because

21   they did not introduce evidence of their original (unfiled) June 10, 2019 sanctions motion and

22   related communications, yet the Court concluded those documents were covered by the anti-

23   SLAPP statute as part of their representation of the Airbnb Defendants.  Mot. at 3.  Mogan

24   contends the Court committed clear error because it "sua sponte considered the first sanctions

25   motion in considering the first prong of the statute."  *Id.*  The Court disagrees.  First, there is no

26   dispute that Mogan's complaint includes allegations regarding the original motion.  *See* Compl. ¶¶

27   33-37; 59.  Second, as part of their motion to dismiss, the SRC Defendants argued that all

28   communicative acts performed by attorneys as part of their representation of a client, whether filed

United States District Court
Northern District of California

United States District Court
Northern District of California

1    or not, are protected by the Anti-SLAPP statute.  *See* ECF No. 16 at 7.  This included the original

2    letter and sanctions motion.  *See id.* at 7-8 (quoting Compl. ¶ 37 (SRC Defendants "served

3    Plaintiff the June 10, 2019 letter from Defendant Jacqueline Young at his office to force Plaintiff

4    to choose between being extorted out of $25,047.70 by SRC Defendants or withdrawing the

5    motion to lift stay because based on information and belief, no payment had been made by Airbnb

6    Inc. on April 5, 2019 to the AAA."); ¶ 59 ("Defendants' conduct amounts to an abuse of process

7    because [SRC] Defendants maliciously misused the first sanctions motion and letter sent over

8    email and served upon Plaintiff at his office to accomplish a purpose not warranted by the law.");

9    ¶ 60 ("[SRC] Defendants' conduct and fraudulent preparation and service of the letter and first

10   sanctions motion was done intentionally and with the purpose and ulterior motive of delaying the

11   California court hearing for Plaintiff's motion to lift the stay…..").  Third, Mogan himself

12   requested the Court take judicial notice of the original sanctions motion and related documents,

13   *see* ECF No. 26-2, Exs. 1-4, a request which the Court granted, *see* MTD Order at 2-3.

14   Accordingly, the Court finds no error.

15          Mogan also argues "the First Amendment does not protect unethical and duplicitous

16   conduct by lawyers," and the SRC Defendants' conduct in the underlying state court action "was

17   done to intentionally deceive [him] as a party and the trial court."  Mot. at 3, 4.  He argues the

18   original sanctions motion amounts to an illegal "extortionate" demand that is not protected by the

19   anti-SLAPP statute.  *Id.* at 7-8.  However, the Court considered this same argument at length in its

20   order granting the SRC Defendants' motion.  MTD Order at 18-20.  While Mogan may disagree

21   with the Court's reasoning, that is not a proper ground for relief under Rule 59(e).  *See Bey v.*

22   *Malec*, 2020 WL 3058336, at *2 (N.D. Cal. June 9, 2020), *aff'd sub nom. Bey v. Cristiani*, 2021

23   WL 3743867 (9th Cir. Aug. 24, 2021) ("While courts within the Ninth Circuit have not strictly

24   defined what constitutes clear error for Rule 59(e) motions, courts have generally found that 'mere

25   doubts or disagreement about the wisdom of a prior decision of . . . [the] court will not suffice' . . .

26   . Rather, for there to be clear error, the previous decision must strike [a court] as more than just

27   maybe or probably wrong; it must be dead wrong.") (quoting *Teamsters Loc. 617 Pension &*

28   *Welfare Funds v. Apollo Grp., Inc.*, 282 F.R.D. 216, 231 (D. Ariz. 2012)); *see also Weeks v.*

United States District Court
Northern District of California

1    *Bayer*, 246 F.3d 1231, 1236-37 (9th Cir. 2001) (concluding that post-judgment amendment

2    "would simply grant [plaintiff] the forbidden second bite at the apple" and holding that the district

3    court did not err in denying the plaintiff's motion to reopen case under Rule 59 because the

4    plaintiff "offered no new evidence, nor did he claim any intervening change in law").

5         In sum, the Court finds Mogan has not overcome the high hurdles under Rule 59 which

6    warrant the granting of such a motion in extraordinary or highly unusual circumstances.

7    Accordingly, the Court denies Mogan's motion as to the SRC Defendants.

8    **V.    CONCLUSION**

9         For the reasons stated above, the Court **DENIES** Mogan's motion for relief from

10   judgment.  The time for filing a notice of appeal from the judgment begins to run when this denial

11   is docketed.  *See* Fed. R. App. P. 4(a)(4)(A)(iv); Fed. R. Civ. P. 58(a)(4).

12

13       **IT IS SO ORDERED.**

14

15   Dated: February 8, 2022

16   _____

17   THOMAS S. HIXSON
     United States Magistrate Judge

18

19

20

21

22

23

24

25

26

27

28