UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MOGAN,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>SACKS, RICKETTS & CASE LLP, et al.,<br><br>　　　　　Defendants. | Case No. 21-cv-08431-TSH<br><br>**ORDER DISREGARDING WITHDRAWAL OF MAGISTRATE JUDGE CONSENT**<br><br>Re: Dkt. No. 63 |

On November 13, 2021, Plaintiff Michael Mogan filed a consent to have a United States magistrate judge conduct all further proceedings in this case, including trial and entry of final judgment, pursuant to 28 U.S.C. § 636(c). ECF No. 8. However, he subsequently filed a request for reassignment on February 11, 2022. ECF No. 63.

A party to a federal civil case has, subject to some exceptions, a constitutional right to proceed before an Article III judge. *Dixon v. Ylst*, 990 F.2d 478, 479 (9th Cir. 1993) (citation omitted). The right to an Article III court can be waived, allowing parties to consent to trial before a magistrate judge. *Id.* at 479-80; 28 U.S.C. § 636(c)(1). Once a civil case is referred to a magistrate judge under section 636(c), the reference can be withdrawn only by the court, and only "for good cause shown on its own motion, or under extraordinary circumstances shown by any party." *Dixon*, 990 F.2d at 480 (simplified). "In ruling on a motion to withdraw consent, courts consider factors including timeliness, whether granting the motion would unduly interfere with or delay the proceedings, the burdens and costs to litigants, and whether consent was voluntary and uncoerced." *Quinn v. Centerplate*, 2014 WL 2860666, at *3 (N.D. Cal. June 23, 2014) (citing *United States v. Neville*, 985 F.2d 992, 1000 (9th Cir. 1993)). "There is no absolute right, in a civil case, to withdraw consent to trial and other proceedings before a magistrate judge." *Dixon*,

990 F.2d at 480.

      Here, Mogan has not shown good cause or extraordinary circumstances to withdraw his consent. Further, judgment has already been entered, the only matters pending are Defendants' attorneys' fees motions, and allowing Mogan to withdraw his consent now would only delay the proceedings. Accordingly, no reassignment shall occur. *See, e.g., McCracken v. Wells Fargo Bank NA*, 2017 WL 6209178, at *1 (N.D. Cal. May 6, 2017) (noting that allowing withdrawal of consent would delay the proceedings); *Malasky v. Julian*, 2018 WL 4679958, at *3 (N.D. Cal. Sept. 24, 2018) (disregarding withdrawal of consent where no good cause or extraordinary circumstances shown).

**IT IS SO ORDERED.**

Dated: February 11, 2022

_____
THOMAS S. HIXSON
United States Magistrate Judge

2