UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MOGAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SACKS, RICKETTS & CASE LLP, et al.,<br><br>　　　　Defendants. | Case No. 21-cv-08431-TSH<br><br>**ORDER DENYING MOTION TO STAY**<br><br>Re: Dkt. No. 69 |

Plaintiff Michael Mogan brought this case against Airbnb and three of its employees (collectively, the "Airbnb Defendants") and counsel that represented the Airbnb Defendants, Sacks, Ricketts & Case, LLP and two of its attorneys (collectively, the "SRC Defendants") for claims related to a sanction award against him in an underlying state court action. On January 10, 2022, the Court granted the defendants' motions to dismiss as to all claims. As the SRC Defendants brought their motion under California's anti-SLAPP statute, the Court directed them to file a separate motion for attorney's fees, which is now pending. ECF No. 61. Separately, on January 12, the Court granted the Airbnb Defendants' motion for Rule 11 sanctions and directed them to file a separate fees motion, which is also pending. ECF No. 60.

On February 23, 2022 (one day before the deadline to file his opposition to the Airbnb Defendants' motion), Mogan filed a request for the Court to stay all proceedings pending his bankruptcy petition filed in the Northern District of Illinois or, in the alternative, grant a two-week extension to respond to Defendants' pending fee motions. ECF No. 69.

Generally, the filing of a bankruptcy petition operates to stay the continuation of a judicial proceeding against the debtor that was commenced prior to the filing of the petition. 11 U.S.C. § 362(a)(1). However, there are exceptions to the automatic stay provisions. *Id.* § 362(b).

1       As to the Airbnb Defendants' motion, both the Ninth Circuit and the Seventh Circuit
2  (where Mogan filed for bankruptcy) have found that sanctions for misconduct are exempt from the
3  automatic stay pursuant to § 362(b)(4), which exempts actions brought pursuant to governmental
4  police or regulatory powers. *See Alpern v. Lieb*, 11 F.3d 689, 690 (7th Cir. 1993) ("[A]
5  proceeding to impose sanctions under Rule 11 is exempt from the automatic stay, pursuant to 11
6  U.S.C. § 362(b)(4)[.]"; *In re Berg*, 230 F.3d 1165, 1168 (9th Cir. 2000) ("the § 362(b)(4)
7  governmental regulatory exemption applies to this court's award of attorneys' fees"). The purpose
8  of this exception "is to prevent the bankruptcy court from becoming a haven for wrongdoers."
9  *CFTC v. Co Petro Mktg. Group, Inc.*, 700 F.2d 1279, 1283 (9th Cir. 1983); *see also Alpern*, 11
10 F.3d at 690 ("A litigant should not be allowed to delay the imposition of sanctions indefinitely by
11 the expedient of declaring bankruptcy. Allowing him to do so would not only increase the number
12 of bankruptcy filings but also create incentives for unprofessional conduct in litigation by firms or
13 individuals teetering on the edge of the bankruptcy abyss.").
14      Here, judgment has been entered, the Court has already granted the Airbnb Defendants'
15 motion for sanctions, and the only thing left to determine is the monetary amount. As an award of
16 sanctions under Rule 11 is not subject to the automatic bankruptcy stay, there is no reason to stay
17 the Airbnb Defendants' motion. Further, the fact that sanctions will be awarded to the Airbnb
18 Defendants and not the government does not affect the exception here because "[a]lthough private
19 parties may benefit financially from sanctions, the deterrent effect of monetary penalties can be
20 essential for the government to protect its regulatory interests." *In re Berg*, 230 F.3d at 1168
21 (holding that the purpose of pursuing litigation sanctions was to effectuate public policy, even
22 though the monetary penalty would enure to the benefit of a private party); *see also O'Brien v.
23 Fischel*, 74 B.R. 546, 551 (D. Haw. 1987) ("[A] proceeding resulting in a monetary penalty may
24 be excepted from the automatic stay as much as one resulting in a prison sentence or injunctive
25 relief" because of the deterrent effect of such penalties.).
26      As to the SRC Defendants, the Court granted their motion to strike pursuant to California's
27 anti-SLAPP statute, Cal. Civ. Proc. Code § 425.16. California courts have similarly applied *Berg*
28 in finding "the automatic stay does not preclude [] court[s] from imposing sanctions on a party

and/or his attorney for abusing the appellate process or otherwise violating the rules of this court." *Keitel v. Heubel*, 103 Cal. App. 4th 324, 334 (2002); *Papadakis v. Zelis*, 230 Cal. App. 3d 1385, 1389 (1991) ("the imposition of sanctions by the courts of this state for attorneys' frivolous or abusive litigation tactics" fell within that statutory exception); *Hale v. Morgan*, 22 Cal. 3d 388, 398 (1978) (noting that civil penalties are "a means of securing obedience to statutes validly enacted under the police power."). Indeed, in finding that an appeal does not automatically stay enforcement of a SLAPP fee award, California "courts have recognized that the common features of SLAPP suits are their lack of merit and chilling of defendants' valid exercise of free speech and the right to petition the government for a redress of grievances." *Dowling v. Zimmerman*, 85 Cal. App. 4th 1400, 1433 (2001). "By enacting the anti-SLAPP statute, the Legislature intended to provide SLAPP defendants an efficient tool to quickly and inexpensively unmask and defeat SLAPP suits." *Id.* The same reasoning applies here because allowing Mogan to evade the attorney fee award would run contrary to the purpose of anti-SLAPP statutes, which are "designed to allow the early dismissal of meritless lawsuits aimed at chilling expression through costly, time-consuming litigation." *Gardner v. Martino*, 563 F.3d 981, 986 (9th Cir. 2009) (citing *Verizon Del., Inc. v. Covad Commc'ns. Co.*, 377 F.3d 1081, 1090 (9th Cir. 2004)).

Finally, the Court notes that Mogan has filed a Notice of Appeal "to [59] Order on Motion to Alter Judgment, [65] Order, [25] Order Relating Case, Create Case Relationship, [56] Order on Motion for Reconsideration, [39] Judgment, Terminated Case, [38] Order on Motion to Dismiss, [50] Order on Motion for Sanctions, Order on Motion for Miscellaneous Relief, Order on Motion to Shorten Time, [55] Order on Motion for Recusal." ECF No. 68. While a favorable appellate ruling would eliminate his obligation to pay fees, this does not provide sufficient reason to delay these proceedings. First, the notice of appeal is premature as to the Rule 11 sanctions order because the amount of Mogan's sanction has not yet been fixed. *See Kennedy v. Applause, Inc.*, 90 F.3d 1477, 1482 (9th Cir. 1996) (holding that a "notice of appeal" as to a Rule 11 sanctions order is premature if filed before determination of fees to be awarded). Because the notice of appeal is premature, it does not divest this Court of jurisdiction to determine the amount of sanctions. *See Ruby v. Sec'y of U.S. Navy*, 365 F.2d 385, 389 (9th Cir. 1966) ("Where the

1  deficiency in a notice of appeal, by reason of untimeliness . . . or reference to a non-appealable
2  order, is clear to the district court, it may disregard the purported notice of appeal and proceed
3  with the case, knowing that it has not been deprived of jurisdiction."). Second, as to the payment
4  of fees under the anti-SLAPP statute, "the Court's Order granting [the SRC Defendants'] anti-
5  SLAPP Motion is an interlocutory order which [Mogan] cannot immediately appeal." *Language
6  Line Servs. v. Language Servs. Assoc., LLC*, 2012 U.S. Dist. LEXIS 7494, at *9 (N.D. Cal. Jan.
7  23, 2012). Thus, for the same policy reasons discussed above, the Court finds an appeal does not
8  stay an award of attorney fees under the anti-SLAPP statute. *See id.* ("The Court finds that
9  because Plaintiff prevailed on its anti-SLAPP motion, and had to expend significant legal fees in
10 order to do so, Plaintiff should not bear the burden of waiting for appellate review to be
11 compensated for such expenditures.").

In sum, the Court finds Mogan's bankruptcy filing has no bearing on the Court's authority to award attorney's fees under Federal Rule of Civil Procedure 11 and California's anti-SLAPP statute. Accordingly, his request to stay these proceedings is **DENIED**. As the deadline for Mogan to oppose the defendants' fees motions passed while this ex parte application was pending, the Court **EXTENDS** the deadline for him to file any opposition(s) to March 10, 2022. Defendants shall file any replies by March 24, 2022. Pursuant to Civil Local Rule 7-1(b), the Court shall determine whether oral argument is necessary after briefing is complete.

**IT IS SO ORDERED.**

Dated: March 3, 2022

THOMAS S. HIXSON
United States Magistrate Judge