UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MOGAN,<br><br>    Plaintiff,<br><br>v.<br><br>SACKS, RICKETTS & CASE LLP, et al.,<br><br>    Defendants. | Case No. 21-cv-08431-TSH<br><br>**ORDER RE: DEFENDANTS' MOTIONS FOR ATTORNEYS' FEES AND COSTS**<br><br>Re: Dkt. Nos. 60, 61, 81 |

## I. INTRODUCTION

Plaintiff Michael Mogan, an attorney licensed in California, brought this case against Airbnb Inc. and three of its employees (collectively, "Airbnb Defendants") and counsel that represented Airbnb Defendants, Sacks, Ricketts & Case, LLP and two of its attorneys (collectively, "SRC Defendants") for claims related to a sanction against Mogan in a previous state court action. On January 10, 2022, the Court granted defendants' Motions to Dismiss ("MTD Order"). ECF No. 38. Because SRC Defendants brought their Motion to Dismiss under California's anti-SLAPP statute, which allows the Court to strike and dismiss certain lawsuits, the Court directed SRC Defendants to file a separate Motion for Attorneys' Fees. *Id*. at 23-24. On January 12, 2022, the Court granted Airbnb Defendants' Motion for Sanctions and held sanctions of reasonable attorneys' fees and costs were appropriate under Federal Rule of Civil Procedure 11. ECF No. 50.

Pending before the Court are Airbnb Defendants' Motion for Attorneys' Fees and Costs (ECF No. 60) and SRC Defendants' Motion for Attorneys' Fees (ECF No. 61). The Court finds these matters suitable for disposition without oral argument. *See* Civ. L.R. 7-1(b). Having considered the parties' positions, relevant legal authority, and the record in this case, the Court **GRANTS** Airbnb Defendants' Motion for Attorneys' Fees and Costs and **GRANTS** SRC Defendants' Motion for Attorneys' Fees for the following reasons.

## II. BACKGROUND

The facts of this case are well known to the parties, and the Court has previously summarized this case's background in its MTD Order. ECF No. 38; *Mogan v. Sacks, Ricketts & Case LLP*, Case No. 21-cv-8431, 2022 WL 94927, at *2-4 (N.D. Cal. Jan. 10, 2022). The Court incorporates by reference the factual background set forth therein.

## III. AIRBNB DEFENDANTS' MOTION

On January 12, 2022, the Court granted Airbnb Defendants' Motion for Sanctions ("Sanctions Order"). ECF No. 50. The Court held Mogan violated Federal Rule of Civil Procedure 11 by filing a frivolous complaint, found sanctions in the form of reasonable attorneys' fees and costs appropriate, and ordered Airbnb Defendants to file a separate motion addressing the amount of attorneys' fees and costs. *Id*. at 3-9, 11.

On February 10, 2022, Airbnb Defendants filed a Motion for Attorneys' Fees and Costs. ECF No. 60. On March 10, 2022, Mogan filed an Opposition (ECF No. 78) and, on March 24, 2022, Airbnb Defendants filed a Reply (ECF No. 79). On March 27, 2022, Mogan filed Objections to Airbnb Defendants' Reply and Request for an Evidentiary Hearing. ECF No. 81.

### A. Legal Standard

"[I]f imposed on motion and warranted for effective deterrence," a sanction may include "an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(4). "[W]here the original complaint is the improper pleading, all attorney fees reasonably incurred in defending against the claims asserted in the complaint form the proper basis for sanctions." *Gaskell v. Weir*, 10 F.3d 626, 629 (9th Cir. 1993).

"Courts typically determine reasonableness by conducting a lodestar analysis of the hours expended and the hourly rate charged." *Superior Consulting Servs., Inc. v. Steeves-Kiss*, Case No. 17-cv-6059-EMC, 2018 WL 2183295, at *1 (N.D. Cal. May 11, 2018); *see also Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996) ("The customary method of determining fees . . . is known as the lodestar method."). The lodestar analysis "requires the court to multiply the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Christensen v.*

2

*Stevedoring Servs. of Am.*, 557 F.3d 1049, 1053 n.4 (9th Cir. 2009) (internal citation omitted).

**B.      Discussion**

Airbnb Defendants retained three O'Melveny & Myers LLP attorneys—Damli Taylor, Jennifer Cardelús, and Kelly Kambourelis (collectively, "O'Melveny Attorneys")—in connection with this case. ECF No. 60-1, Taylor Decl., at ¶¶ 2, 6. Airbnb Defendants seek a total of $185,092.4 in attorneys' fees and costs. ECF Nos. 60 at 8 ($172,983.72 in fees and costs for work performed prior to and including the instant motion); 79 at 9 ($12,108.68 in fees for work on reply for instant motion).

Airbnb Defendants filed declarations and exhibits showing itemized billing records in support of their requested $185,092.4 in attorneys' fees and costs. ECF Nos. 60-1, Exhibit 1, (seeking $172,983.72 in fees and costs for work performed prior to and including their instant motion); 79-1, Exhibit 2 (seeking $12,108.68 in attorneys fee for work on reply for instant motion). The Court considers the reasonableness of Airbnb Defendants' requested fees and costs with the lodestar analysis.[1]

     **a.      Rates**

Airbnb Defendants request the following rates for the O'Melveny Attorneys:

| Attorney | Title | Billing Rate |
| --- | --- | --- |
| Damali Taylor | Partner | $935 (2021); $1,015.75 (2022) |

---

[1] Although the Court addressed the imposition of sanctions in its Sanctions Order, Mogan continues to dispute sanctions. Mogan argues he did not have sufficient notice of sanctions, he did not consent to magistrate judge jurisdiction, Airbnb Defendants' request for attorneys' fees and costs is late under Federal Rule of Civil Procedure 54, and sanctions was improperly issued *sua sponte*. ECF No. 78 at 2, 4-5, 14-18.

The Court, consistent with its Sanctions Order, finds attorneys' fees and costs are appropriate under Rule 11. The Court addressed Mogan's argument regarding notice in the Sanctions Order, ECF No. 50 at 7-8, and Mogan consented to magistrate judge jurisdiction. ECF Nos. 8 (Mogan's consent to magistrate judge jurisdiction). Sanctions were imposed under Rule 11—not Rule 54—and upon Airbnb Defendants' Motion for Sanctions. S*ee Barber v. Miller*, 146 F.3d 707, 711 (9th Cir. 1998) ("[T]he court did not initiate the sanction . . . [Rule 11] distinguishes between sanctions imposed upon motion of a party and those imposed by show-cause order on the initiative of the court.").

| | | |
|---|---|---|
| Jennifer Cardelús | Counsel | $845.75 (2021); $884 (2022) |
| Kelly Kambourelis | Associate | $518.50 (2021); $629 (2022) |

*See* ECF Nos. 60-2 (Exhibit 1); 79-2 (Exhibit 2).

To determine whether these hourly rates are reasonable, the Court considers "prevailing rates in this district for personnel of comparable experience, skill, and reputation." *Dickey v. Advanced Micro Devices, Inc.,* Case No. 15-cv-4922-HSG, 2020 WL 870928, at *8 (N.D. Cal. Feb. 21, 2020). As the fee applicants, Airbnb Defendants have "the burden of producing satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation." *Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1263 (9th Cir. 1987).

Damali Taylor is a partner with over six years of litigation experience and has led more than twenty jury trials, conducted hundreds of court hearings, and defended against hundreds of pretrial motions. ECF No. 60-1, Taylor Decl ¶ 6. Cardelús is counsel and has twelve years of experience representing clients in a broad range of complex litigation matters. *Id*. Based on the Court's review of cases in this district, the Court finds the rates of Taylor and Cardelús reasonable. *See Schneider v. Chipotle Mexican Grill, Inc.*, 336 F.R.D. 588, 600-01 (N.D. Cal. Nov. 4, 2020) (finding rates between $425 and $695 for associates and up to $1,275 for partners reasonable); *In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, 2020 WL 4212811, at *26 (N.D. Cal. July 22, 2020) (finding rates up to $900 for partners and $850 for non-partner attorneys reasonable); *Dickey,* 2020 WL 870928, at *8 (finding rates between $275 and $575 for associates up to $1,000 for partners reasonable).

Kamourelis is a "junior associate who, prior to joining O'Melveny, held a clerkship with the United States Court of Appeals for the Ninth Circuit." ECF No. 60-1 at ¶ 6. Unlike the information provided for Taylor and Cardelús, the information for Kamourelis fails to provide the total number of years Kamourelis has been in practice and the type of cases or work Kamourelis has performed. This lack of information fails to meet Airbnb Defendants' "burden of producing satisfactory evidence" demonstrating Kamourelis's rates of $518.50 in 2021 and $629.00 in 2022 "are in line with those prevailing in the community for similar services of lawyers of reasonably

4

1   comparable skill and reputation." *Camacho*, 523 F.3d at 980. Given the Court's assessment of
2   similar services by lawyers of reasonably comparable skill, experience and reputation, the Court
3   finds $450 to be a reasonable rate for Kamourelis. *See Ingram v. Oroudjian*, 647 F.3d 925, 928
4   (9th Cir. 2011) ("[J]udges are justified in relying on their own knowledge of customary rates and
5   their experience concerning reasonable and proper fees."); *Pop Top Corp. v. Rakuten Kobo Inc.,*
6   Case No. 20-cv-4482-DMR, 2022 WL 901547, at *3 (N.D. Cal. Mar. 28, 2022) (finding $465.75
7   fee for junior associate who graduated from law school in 2019 and practiced law since 2019
8   reasonable and $538.96 fee for senior associate who graduated from law school in 2012 and
9   practiced for nine years reasonable); *In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, 2020
10  WL 4212811, at *26 (finding "billing rates for non-partner attorneys, including of counsel,
11  associates, and staff/project attorneys, range from about $160 to $850, with most under $500"
12  reasonable); *Xu v. Yamanaka*, Case No. 13-cv-3240-YGR, 2014 WL 3840105, at *2, 4 (N.D. Cal.
13  Aug. 1, 2014) (awarding rates ranging from $300 per hour for associate with one year of
14  experience to $850 per hour for partner with over 23 years of experience).

### b. Hours Expended

16  Airbnb Defendants request a total of 275.80 hours performed by the O'Melveny Attorneys.
17  ECF Nos. 60-1, Taylor Decl., at ¶ 12 (259.3 hours for reviewing and investigating the procedural
18  background of this case, filing a motion to dismiss and supporting reply brief, filing a Rule 11
19  Sanctions Motion and supporting reply brief, and filing the instant motion for attorneys' fees and
20  costs); 79-2, Exhibit 2 (16.5 hours for reviewing Mogan's opposition to instant motion and writing
21  reply).

22  Mogan argues the requested hours are excessive because the O'Melveny Attorneys did not
23  mitigate expenses by contacting Mogan before filing the Motion for Sanctions. ECF No. 78 at 3.
24  "The duty to mitigate, however, does not require a party to take actions that would impair its
25  rights." *Seith v. Atlantic Fin. Sav. Bank*, 15 F.3d 1089, 1091 (9th Cir. 1994). Given the history of
26  this case, the Court declines to reduce the requested hours for this reason.

27  Next, Mogan argues Airbnb Defendants failed to provide sufficient and contemporaneous
28  time records or billing summaries. ECF No. 78. at 7-14. Mogan objects to Airbnb Defendants'

declaration and exhibit filed in support of Airbnb Defendants' reply as inadmissible hearsay, vague, not the best evidence, and irrelevant. ECF No. 81. Mogan requests either an evidentiary hearing or supplemental briefing to address time entries, invoices, and payments in this case. *Id.* at 2.

The Court finds Airbnb Defendants' supporting declarations and exhibits, which include itemized billing records, to be sufficient evidence of the O'Melveny Attorneys' billing practices. Attorneys seeking fee awards are "not required to record in great detail how each minute of [their] time was expended." *Hensley v. Eckerhart*, 461 U.S. 424, 437 n.12 (1983). Attorneys need only "keep records in sufficient detail that a neutral judge can make a fair evaluation of the time expended, the nature and need for the service, and the reasonable fees to be allowed." *Id.* at 441 (Burger, C.J., concurring). Moreover, declarations and itemized billing exhibits are appropriate evidence of the O'Melveny Attorneys' hours and rates. *See Cardoso v. FCA US LLC*, Case No. 20-cv-2250-JSC, 2021 WL 1176532, at *2 (N.D. Cal., Mar. 29, 2021) (denying "24 boilerplate evidentiary objections" to declaration submitted in support of motion for attorneys' fees). Accordingly, the Court **OVERRULES** Mogan's objections and **DENIES** Mogan's request for an evidentiary hearing and supplemental briefing.

The Court now evaluates the O'Melveny Attorneys' billing records. *Vogel v. Harbor Plaza Ctr., LLC.*, 893 F.3d 1152, 1160 (9th Cir. 2018) ("In a case in which a defendant fails to appear or otherwise defend itself, however, the burden of scrutinizing an attorney's fee request—like other burdens—necessarily shifts to the court.") The Court has "a duty to ensure that claims for attorneys' fees are reasonable . . . and [the Court] does not discharge that duty simply by taking at face value the word of the prevailing party's lawyer for the number of hours expended on the case." *Id.* (internal citations and quotations omitted). "A district court should exclude from the lodestar amount hours that are not reasonably expended because they are excessive, redundant, or otherwise unnecessary." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (internal citation and quotation omitted). The Court is afforded "considerable deference" in determining what hours claimed by counsel are excessive, redundant, or otherwise unnecessary and must only provide a "concise but clear explanation of its reasons" if it reduces the number of

1    hours included in a fee award. *Tahara v. Matson Terminals, Inc.*, 511 F.3d 950, 955-56 (9th Cir.
2    2007) (internal citation and quotations omitted).

3        After carefully reviewing the O'Melveny Attorneys' billing records, the Court finds the
4    requested costs reasonable. The Court finds the billed hours reasonable except as follows. Taylor
5    billed 3.8 hours to "strategize regarding briefing," "confer with prior counsel," and "call with prior
6    counsel and client" for "(MCCLUSKY)" matters. However, all other hours in this case were
7    billed for "(MOGAN)" matters. Although the history of this case involves Airbnb's decision to
8    forbid Veronica McClusky from acting as a host for Airbnb, Airbnb Defendants fail to explain
9    how that history justifies billing McClusky matters against Mogan.[2] The Court therefore finds the
10   hours billed to "(MCCLUSKY)" rather than "(MOGAN)" unreasonable. *See Hensley*, 461 U.S. at
11   424 ("Hours that are not properly billed to one's client also are not properly billed to one's
12   adversary pursuant to statutory authority.").

### c. Inability to Pay

14   Mogan argues he is unable to pay sanctions.[3] ECF No. 78 at 14.

15   Although "[t]he ability of a party to pay is one factor a court should consider when
16   imposing sanctions[,] . . . the sanctioned party has the burden to produce evidence of inability to
17   pay." *Gaskell v. Weir*, 10 F.3d 626 (9th Cir. 1993). Here, Mogan only provides his declaration
18   discussing the status of his accounts, properties, and debts. ECF No. 78-1. The declaration is
19   based on Mogan's "information and belief" and fails to provide sufficient evidence to preclude
20   sanctions of reasonable attorneys' fees and costs. *Id. See Sonic Cable Television of San Luis*
21   *Obispo v. Creekside Mobilehome Cmty.*, Case No. 94-55605, 1995 WL 761913, at *3 (9th Cir.
22   1995) ("Although Harmon presented some evidence to the district court that his resources were
23   limited, it was not nearly enough for us to conclude that the court abused its discretion by not
24   reducing the sanctions."); *Hall v. Contra Costa County*, Case Nos. 94-15616, 94-15621, 94-16103,

---

[2] "O'Melveny represents Airbnb on several other matters" separate from the instant case. ECF No. 60-1, Taylor Decl. at ¶ 2.

[3] Mogan's opposition includes a single sentence requesting "the Court seal the paragraph" regarding his inability to pay. ECF No. 78 at 2. Mogan has failed to meet the requirements of Civil Local Rule 79-5. The Court **DENIES** Mogan's request to seal.

1995 WL 15553, at *2 (9th Cir. 1995) ("Canatella . . . clearly made an inadequate showing [of inability to pay]. He relied . . .solely upon his own unsupported declaration concerning his lack of assets, his meager salary as a professor of legal ethics at an unaccredited night law school, and the various outstanding sanctions awards against him."). Given the nature, scope, and history of this case, sanctions in the form reasonable attorneys' fees and costs are appropriate. *See Hall*, 1995 WL 15553, at *2 n.4 ("[E]ven if the showing of poverty was credible, it does not necessarily follow that sanctions are improper . . . under Rule 11, where inability to pay is clearly relevant, a moderate sanction might still be appropriate to deter further abuse."). Accordingly, the Court awards Airbnb Defendants the reasonable attorneys' fees and costs as discussed in this order.

### 2. Summary

The Court awards Airbnb Defendants reasonable attorneys' fees of $162,160.20 ([Taylor 2021: 22.7 hours @ $935/hour] + [Taylor 2022: 16.6 hours @ 1015.75/hour] + [Cardelús 2021: 35.10 hours @ 845.75/hour] + [Cardelús 2022: 12.6 hours @ $ 884/hour)] + [Kambourelis 2021/2022: 185 hours @ $450/hour]) and costs of $573.90.

## IV. SRC DEFENDANTS' MOTION

On January 10, 2022, the Court granted SRC Defendants' Motion to Dismiss under California's Anti-SLAPP Statute and ordered SRC Defendants to file a separate motion regarding attorneys' fees by February 10, 2022. ECF No. 38. SRC Defendants filed their Motion for Attorneys' Fees on February 11, 2022.[4] ECF No. 61. SRC Defendants request a total of $16,399.00 in fees.[5] ECF No. 66-1, Servais Decl., at ¶ 6.

### A. Legal Standard

In any action subject to the anti-SLAPP statute, "a prevailing defendant on a special

---

[4] Mogan argues SRC Defendants' late filing precludes an award of attorneys' fees. However, given SRC Defendants' successful Motion to Dismiss under California's Anti-SLAPP statute, the Court does not find the late filing sufficient to prevent an award of attorneys' fees and costs. *Cf.* Civ. L. R. 7-1(b) ("Motions must be directed to the Judge to whom the action is assigned, except as that Judge may otherwise order.")

[5] SRC Defendants' billing records, ECF No. 66-2 (Exhibit 2) total $16,745.00 (71.7 hours @ $230/hour). Although the SRC Defendants provide no explanation for this discrepancy, it appears they are not seeking reimbursement for the 0.4 hours spent on January 10, 2022 analyzing the Court's MTD Order. The Court will consider SRC Defendants' request for $16,399.00.

8

1  motion to strike shall be entitled to recover his or her attorney's fees and costs." Cal. Civ. Proc.
2  Code § 425.16(c); *Equilon Enters., LLC v. Consumer Cause, Inc.*, 29 Cal. 4th 53, 67 (2002). Fees
3  should only be awarded for work reasonably related to the special motion to strike brought under
4  the anti-SLAPP statute, *see, e.g., Christian Research Inst. v. Ulnar*, 165 Cal. App.4th 1315, 1320
5  (2008), but fees are also recoverable for the reasonable time spent seeking an award of statutory
6  attorney's fees, *Ketchum v. Moses*, 24 Cal. 4th 1122, 1141 (2001). The fee-shifting provision "is
7  broadly construed so as to effectuate the legislative purpose of reimbursing the prevailing
8  defendant for expenses incurred in extracting herself from a baseless lawsuit." *Graham-Sult v.*
9  *Clainos*, 756 F.3d at 752 (quotation omitted).

## B.  Discussion

Mogan argues SRC Defendants are not entitled to fees because under the Supreme Court's ruling in *Shady Grove Orthopedic Assoc., P.A. v Allstate Ins. Co*, 559 U.S. 393 (2010),[6] California's Anti-SLAPP statute does not apply in federal court. ECF No. 77 at 8-20.

The Court finds SRC Defendants are entitled to fees. In granting SRC Defendants' Motion to Dismiss, the Court concluded "the conduct that forms the basis of Mogan's complaint is protected activity under California's anti–SLAPP statute, and that the litigation privilege applies" and "GRANT[ED] the SRC Defendants' special motion to strike Mogan's abuse of process claim against them." Regarding *Shady Grove*, the Court observes that the Ninth Circuit has not expressly stated how *Shady Grove* applies to California's anti-SLAPP statute. *See Makaeff v. Trump University, LLC*, 736 F.3d 1180, 1189-1190 (9th Cir. 2013) (4-4 decision) (Watford, Kozinski, Paez, and Bae dissenting) ("California's anti-SLAPP statute creates the same conflicts with the Federal Rules that animated the Supreme Court's ruling in *Shady Grove*. That intervening decision should have led us to revisit—and reverse—our precedent permitting application of state anti-SLAPP statutes in federal court."). However, the Ninth Circuit has "previously confirmed

---

[6] In *Shady Grove*, the Supreme Court set forth the following "framework" for resolving potential conflicts between state laws and the Federal Rules of Civil Procedure: a federal court "must first determine whether [the Federal Rule of Civil Procedure] answers the question in dispute[,] [and] [i]f it does, it governs—[state] law notwithstanding—unless it exceeds statutory authorization or Congress's rulemaking power." *Shady Grove Orthopedic Assoc., P.A. v Allstate Ins. Co*, 559 U.S. 393, 398 (2010).

that defendants sued in federal courts can bring anti-SLAPP motions to strike state law claims and are entitled to attorneys' fees and costs when they prevail." *Verizon Delaware, Inc. v. Covad Communications Co.*, 377 F.3d 1081, 1091 (9th Cir. 2004). The Ninth Circuit has affirmed an award of attorneys' fees after a successful anti-SLAPP motion. *See Graham-Sult v. Clainos*, 756 F.3d 724, 751-53 (9th Cir. 2014). Moreover, since *Shady Grove*, courts in this district have awarded attorneys' fees related to successful anti-SLAPP motions. *See Mohazzabi v. Wells Fargo Bank, N.A.,* Case No. 21-cv-4234-JST, 2022 WL 595878, at *7 (N.D. Cal. Feb. 28, 2022) ("The Court finds that Wells Fargo is entitled to attorney's fees and costs for bringing the anti-SLAPP motion . . . . for a total of $11,069.20"); *Moonbug Entm't Ltd. v. Babybus (Fujian) Network Tech. Co., Ltd.*, Case No. 21-cv-6536-EMC, 2022 WL 580788, at *15 (N.D. Cal. Feb. 25, 2022) ("The Court strikes the state law counterclaims under California's anti-SLAPP statute, and finds that Moonbug is entitled to attorneys' fees."); *Jiang v. KNTV Television LLC*, Case No. 21-cv-1293-LB, 2021 WL 4710717, at *6 (N.D. Cal. Oct. 8, 2021) ("The court strikes the plaintiff's defamation claim under the anti-SLAPP statute . . . grants the defendant's motion for $13,063.36 in attorney's fees."). Therefore, as SRC Defendants prevailed on their anti-SLAPP motion, they are entitled to an award of attorneys' fees for work reasonably related to their Motion to Dismiss under California's anti-SLAPP statute.

Mogan also argues SRC Defendants' billing records are vague and insufficient to support an award of fees. ECF No. 77 at 4. The Court reviewed SRC Defendants' supporting declarations and exhibits and finds the documents are sufficient for the Court's evaluation of SRC billing practices. *See Open Source Sec., Inc. v. Perens*, No. 17-CV-04002-LB, 2018 WL 2762637, at *5 (N.D. Cal. June 9, 2018) ("An applicant is not required to record in detail how she spends each minute and need only record the general subject matter.")

SRC Defendants seek fees of $16,399.00 (71.3 hours @ $230/hour). The Court conducts a lodestar analysis of the hourly rate and hours expended. *Superior Consulting Serv., Inc. v. Steeves-Kiss*, 2018 WL 2183295, at *1.

1. **Hourly Rate**

Here, SRC Defendants submitted the declaration of their counsel, Andy A. Servais,

10

shareholder at Klinedinst PC, that contextualizes his experience. ECF No. 66-1. Servais has been practiced law in California since 2005, selected as a Southern California Super Lawyer Rising Star in 2015-2017, and litigated several cases in arbitration and in the courts. *Id*. at ¶ 4. Servais billed at an hourly rate of $230. *Id.* ¶ 5. This rate is well below the median rage for lawyers of comparable experience doing comparable work in the Bay Area. *See, e.g., Jiang*, 2021 WL 4710717, at *5 (finding rates of $744, $512, and $336 reasonable in anti-SLAPP context); *Smith v. Payne*, Case No. 12-cv-1732-DMR, 2013 WL 1615850, at *3 (N.D. Cal. Apr. 15, 2013) (finding rates of $465, $365, and $315 reasonable in anti-SLAPP context). Thus, based on the evidence submitted by the SRC Defendants and the Court's own experience in reviewing requests for attorney's fees, the Court is satisfied that Servais's hourly rate is reasonable.

### 2. Hours Expended

The SRC Defendants request 71.3 expended hours. ECF No. 66-2. The 71.3 hours were limited to the work related to the SRC Defendants' Anti-SLAPP motion, including researching and preparing the anti-SLAPP motion, analyzing Mogan's opposition, and drafting the reply brief. *Id*. There is no work that appears duplicative, excessive, or unnecessary. The Court finds the total hours billed are reasonable.

Accordingly, the Court grants SRC Defendants' request for attorney's fees of $16,399.00 (71.3 hours @ $230/hour).

## V.   CONCLUSION

For the reasons stated above, the Court **GRANTS** Airbnb Defendants' Motion for Attorneys' Fees and Costs and awards reasonable attorneys' fees of $162,160.20 and costs of $573.90 to Airbnb Defendants. The Court **GRANTS** SRC Defendants' Motion for Attorneys' Fees of $16,399.00.

**IT IS SO ORDERED.**

Dated: May 9, 2022

THOMAS S. HIXSON
United States Magistrate Judge

11