UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MOGAN,<br><br>   Plaintiff,<br><br> v.<br><br>SACKS, RICKETTS & CASE LLP, et al.,<br><br>   Defendants. | Case No. 21-cv-08431-TSH<br><br>**ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT AND MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. Nos. 85, 86 |

  Plaintiff Michael Mogan has filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 59(e) (ECF No. 85) and a motion for leave to file a motion for reconsideration pursuant to Civil Local Rule 7-9 (ECF No. 86). The Court finds these matters suitable for disposition without oral argument and **VACATES** the June 30, 2022 hearing. *See* Civ. L.R. 7-1(b).

  As to Mogan's motion for leave to file a motion for reconsideration, any such motion must be brought "[b]efore the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case." Civ. L.R. 7-9(a). As judgment has already been entered in this case, the motion is procedurally improper. Further, even considering the merits of his request, motions for reconsideration are disfavored and "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1254 (9th Cir. 1999) (per curiam) (internal quotation and citation omitted). Here, the Court finds Mogan has failed to establish highly unusual circumstances that would warrant consideration of a motion for reconsideration. Accordingly, the motion for leave to file a motion for reconsideration is **DENIED**.

1    As to Mogan's motion for relief from judgment, "altering or amending a judgment under Rule 59(e) is an 'extraordinary remedy.'" *Rishor v. Ferguson*, 822 F.3d 482, 491 (9th Cir. 2016) (quoting *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011)). A district court ordinarily will only alter a judgment if "(1) the court committed manifest errors of law or fact, (2) the court is presented with newly discovered or previously unavailable evidence, (3) the decision was manifestly unjust, or (4) there is an intervening change in the controlling law." *Id.* at 491-92. A court should grant such motions "sparingly." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011); *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (Rule 59(e) applies only in "highly unusual circumstances."). Here, the Court finds Mogan has failed to establish grounds for this extraordinary remedy. Accordingly, the motion to alter or amend judgment is also **DENIED**.

**IT IS SO ORDERED.**

Dated: May 25, 2022

THOMAS S. HIXSON
United States Magistrate Judge

2