Heather L. Rosing, Bar No. 183986
Andy A. Servais, Bar No. 239891
KLINEDINST PC
501 West Broadway, Suite 600
San Diego, California 92101
(619) 239-8131/FAX (619) 238-8707
hrosing@klinedinstlaw.com
aservais@klinedinstlaw.com

Attorneys for Defendants Sacks, Ricketts
& Case LLP, Michele Floyd and
Jacqueline Young

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| MICHAEL MOGAN,<br><br>        Plaintiff,<br><br>    v.<br><br>SACKS, RICKETTS & CASE, LLP; AIRBND, INC.; SANAZ EBRAHINI; MICHELE FLOYD AND JACQUELINE YOUNG,<br><br>        Defendants. | Case No. 3:21-cv-08431-TSH<br>Related with Case No.<br>3:21-cv-06959-TSH<br><br>**OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION FOR STAY OF JUDGMENT PENDING APPEAL**<br><br>Judge:      Hon. Thomas S. Hixson<br>Trial Date: TBD |
| MICHAEL MOGAN,<br><br>        Plaintiff,<br><br>    v.<br><br>JUDGE IOANA PETROU; ETHAN SCHULMAN,<br><br>        Defendants. | |
| AND ALL RELATED CASES. | |

## I.    INTRODUCTION

Plaintiff Michael Mogan continues on his escapade to misuse the legal system in an effort to avoid paying Defendants including Sacks, Ricketts & Case

LLP, Michelle Floyd and Jacqueline Young (collectively "SRC Defendants") their rightfully owed attorneys' fees following the granting of the Anti-SLAPP motion. Not only does Mogan provide no evidence in support of seeking this stay, he continues to present the same copy and paste argument in an effort to stay these proceedings.lo`

## II. ATTORNEYS' FEES GRANTED AFTER AN AWARD OF ANTI-SLAPP MOTION ARE NOT SUBJECT TO AN AUTOMATIC STAY

Mogan continues to misuse Court processes by filing frivolous motions in an effort to avoid paying rightfully owed fees. Mogan has filed an ex-parte despite the [76] Order Denying Motion to Stay. ECF No. 90.

The Ninth Circuit has clearly held that a monetary sanction could be imposed against, and collected from, a debtor because sanctions for misconduct—there, an attorney's misconduct—are not subject to the automatic stay because the imposition and collection of monetary sanctions fall within the § 362(b)(4) exception. *In re Berg*, 230 F.3d 1165, 1168 (*Berg*) (9th Cir. 2000), quoting *O'Brien v. Fischel,* 74 B.R. 546, 550 (*O'Brien*) (D.Hawaii 1987).

The Ninth Circuit applied two tests—the "pecuniary purpose" test and the "public policy" test—to determine whether the § 362(b)(4) exemption applied to monetary sanctions against a debtor. *Id* at 1167. The Court determined that both tests pointed persuasively to the conclusion that the § 362(b)(4) exception applied because the imposition of sanctions for misconduct before a court does not advance a pecuniary governmental interest in the debtor's property or the adjudication of private rights, but instead advances an important public policy concern, namely the deterrence of litigation misconduct. *Id*. at 1167-1168. "Although private parties may benefit financially from sanctions, the deterrent effect of monetary penalties can be essential for the government to protect its regulatory interests." *Id.* at 1168. Further, the majority of courts have agreed that a claimant may proceed to collect attorneys' fees imposed as a sanction for the debtor's improper conduct in litigation without

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

regard to the automatic stay. *Id.* at 1167.

For that reasons stated above, in *Berg*, the court reasoned that award of attorneys' fees imposed under Rule 38 as a sanction for unprofessional conduct in litigation is exempt under § 362(b)(4) "because the clear purpose is to effectuate public policy." *Id.* The same reasoning can be applied in this matter. The purpose of the Anti-SLAPP is to "encourage continued participation in matters of public significance, and that this participation should not be chilled through abuse of the judicial process." Code Civ. Proc., § 425.16(a). Here, SRC Defendants won their Anti-SLAPP motion. ECF No. 38. Further SRC Defendants were awarded reasonable attorneys fees. ECF No. 82. Failure to enforce this award would be in violation of public policy and potentially create incentives for unprofessional conduct in violation of public policy as outlined in above. See *Berg* at 1168. Moreover, it would also defeat the purpose of the Anti-SLAPP statute. See Code Civ. Proc., § 425.16(a). Finally, this court has already determined that Mogan's bankruptcy had no bearing on the Court's authority to award attorneys' fees following SRC Defendants' Anti-SLAPP motion. ECF No. 76 at p. 4. As such, the is collection of the attorneys' fees granted to SRC Defendants after the Anti-SLAPP exempt from the automatic stay.

Mogan's arguments as to why an automatic stay should apply in this matter are also unpersuasive. As previously proffered by SRC Defendants, an appeal does not stay an award of attorney fees under the Anti-SLAPP statute. *Language Line Servs. v. Language Servs. Assoc., LLC,* No. C 10-02605 JW, 2012 U.S. Dist. LEXIS 7494, at *9 (N.D. Cal. Jan. 23, 2012) ("The Court finds that because Plaintiff prevailed on its anti-SLAPP motion, and had to expend significant legal fees in order to do so, Plaintiff should not bear the burden of waiting for appellate review to be compensated for such expenditures.") Here, Mogan continues to argue the Court erred in granting SRC Defendants' award for attorneys fees following the Anti-SLAPP motion. Mogan reasons SRC Defendants' counsel failed to offer adequate

testimony and contemporaneous billing records in support of their fee application. However, Mogan cites no authority in support of his allegations. ECF No. 90 at p. 9. Not only did SRC Defendants' counsel provide adequate testimony and billing records, this Court provided a detailed analysis which specifically noted SRC Defendants' counsel's declaration and billing were sufficient to award attorney's fees. ECF No. 82 at p. 10. ("The Court reviewed SRC Defendants' supporting declarations and exhibits and finds the documents are sufficient for the Court's evaluation of SRC billing practices.") Further the court reasoned that a detailed record is not required for the award of reasonable attorneys' fees. *Id.* Therefore, Mogan has not shown he will prevail on appeal.

### III. CONCLUSION

Based on the foregoing, SRC Defendants' collection of attorneys' fees is not subject to the automatic stay described by Mogan. Failure to allow SRC Defendants to collect on the fees awarded would fail to protect the matters of public policy specifically outlined by *Berg* would allow Mogan to continue his misuse of court process. Therefore, SRC Defendants respectfully request this Court deny Mogan's ex-parte to stay the proceedings.

Respectfully submitted,

KLINEDINST PC

DATED: June 14, 2022            By:    */s/ Andrew A. Servais*
                                       Heather L. Rosing
                                       Andrew A. Servais
                                       Attorneys for Defendants Sacks, Ricketts
                                       & Case LLP, Michele Floyd and Jacqueline
                                       Young

20904802.1