Michael Mogan (S.B.N. 304107)
Law Office Of Michael Mogan
4803 N. Milwaukee Ave, Suite B, Unit #244
Chicago, IL 60630
Telephone: (949) 424-5237
Fax (949) 630-0477
mm@michaelmogan.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| Michael Mogan | ) Case No. 3:21-cv-8431-TSH |
| | ) |
| Plaintiff | ) PLAINTIFF'S REPLY TO AIRBNB |
| | ) DEFENDANTS AND SRC DEFENDANTS |
| | ) OPPOSITION TO EX-PARTE APPLICATION |
| | ) FOR STAY OF JUDGMENT PENDING |
| v. | ) APPEAL |
| | ) |
| | ) |
| Sacks, Ricketts & Case LLP, Airbnb Inc. | ) |
| Dave Willner, Jeff Henry, Sanaz Ebrahini | ) Judge: Hon. Thomas S. Hixon |
| Michele Floyd and Jacqueline Young | ) Hearing Date: TBA |
| | ) Hearing Time: TBA |
| | ) |
| Defendants. | ) Complaint Filed: Oct. 29, 2021 |
| | ) |

**Table Of Contents**

Page

I.   INTRODUCTION……………………………………………………………………1

II.  ARGUMENT…………………………………………………………………………1

    A. SRC Defendants Offer No Reason Why Their Judgment Should Not Be Stayed……..1

    B. An Automatic Stay Exists Under 11 U.S.C. §362(a)………….…………………….2

    C. Airbnb Defendants Offer No Reason Why Their Judgment Should Not Be Stayed….3

    D. Plaintiff Is Also Likely To Succeed On The Merits Of His Appeal…………………...6

        1. Airbnb Defendants Did Not Mitigate Fees Before Preparing Their
            Rule 11 Motion……………………………………………………………………6

        2. Constitutional Considerations Exist Preventing An Award Of Attorney Fees…………6

        3. Defendants Rule 11 Motion Did Not Address Plaintiff's Claims Nor
            Allegations In The Complaint……………………………………………………..6

        4. Defendants Fee Petition Should Have Been Denied…………………………………7

        5. Plaintiff Offered Evidence He Did Not Have The Ability To Pay Any
            Attorney Fees……………………………………………………………………...7

        6. The Court Imposed Fees Under Rule 11 For Reasons Other Than Stated In
            Defendants Rule 11 Motion……………………………………………………….7

III. CONCLUSION…………………………………………………………………….....8

CERTIFICATE OF SERVICE…………………………………………………………...…9

**Table of Authorities**

**Federal Cases**                                                                                                     **Page(s)**

*Adams v. Walker,* 488 F.2d 1064 (7th Cir. 1973)……………………………………………………1,6

*Am. Civil Liberties Union of Nevada v. Masto*, 670 F.3d 1046 (9th Cir. 2012)…………………..3

*Bass v. E.I. DuPont de Nemours & Co.,* 324 F.3d 761 (4th Cir. 2003)……………………….....8

*Carlucci v. Piper Aircraft Corp.,* 775 F.2d 1440 (11th Cir. 1985)………………………….....…6

*Cotton ex rel. McClure v. City of Eureka, Cal.,* 860 F. Supp. 2d 999 (N.D. Cal. 2012)………….4

*Dillon v. City of Chicago*, 866 F.2d 902 (7th Cir. 1988)…………………………………………..4,5

*Doering v. Un. Cty. Bd. of Chosen Freeholders,* 857 F.2d 191 (3d Cir. 1988)…………………...7

*Ellis v. Consolidated Diesel Electric Corp.,* 894 F.2d 371 (10th Cir. 1990)……………….…...3

*Gazzo v. Ruff (In re Gazzo),* 505 B.R. 28 (Bankr. D. Colo. 2014)……………………………..2

*In re Berg*, 230 F.3d 1165 (9th Cir. 2000)…………………………………………………………...1

*In re Calder*, 907 F.2d 953 (10th Cir. 1990)………………………………………………………3

*In re Gagliardi*, 290 B.R. 808 (Bankr. D. Colo. 2003)……………………………………………2

*In re Yagman, 796* F.2d 1165 (9th Cir.1986)………………………………………………….....7

*Johnson v. Smith (In re Johnson),* 501 F.3d 1163 (10th Cir. 2007)…………………………….3

*Mogan v. Petrou,* 21-cv-06959-TSH (N.D. Cal. Nov. 17, 2021)…………………………………5

*Northern Ind. Pub. Serv. v. Carbon County Coal,* 799 F.2d 265 (7th Cir. 1986)…………………4

*Olympia Equipment v. Western Union Telegraph,* 786 F.2d 794 (7th Cir. 1986)……………...5

*Pollution Control Indus. of Am. v. Van Gundy,* 21 F.3d 152, 156 (7th Cir. 1994)……………..6

*Poplar Grove Planting & Refining Co., Inc. v. Bache Halsey Stuart, Inc.,*
    600 F.2d 1189 (5th Cir. 1979)……………………………………………………………4

*Rachel v. Banana Republic, Inc.,* 831 F.2d 1503 (9th Cir. 1987)……………………………3,4

*Schwartz v. United States,* 954 F.2d 569 (9th Cir. 1992)………………………………………..2

*United Food Comm. Workers Local No. 115 v. Armour and Co.,*
    106 F.R.D. 345 (N.D.Cal. 1985)……………………………………………………….....6

*Vogel v. United States Office Prods. Co.,* 258 F.3d 509 (6th Cir. 2001)………………………..6

*Williams v. Beemiller,* 527 F.3d 259 (2d Cir. 2008)……………………………………………..6

**State Cases**

*Ketchum v. Moses*, 24 Cal. 4th 1122 (2001)……………………………………………………2

**Federal Statutes**

Fed. R. App. P. 8…………………………………………………………………………………..1

11 U.S.C. §§ 101 et seq…………………………………………………………………………..2

11 U.S.C. §362(a)……………………………………………………………...……passim

11 U.S.C.§362(a)(1)………………………………………………………………………………2

11 U.S.C. §362(b)(4)……………………………………………………………………………...1

11 U.S.C. §362(k)(1)……………………………………………………………………….....3

Fed. R. Civ. P. 62(d)…………………………………………………………………………….3,4

**State Statutes**

Cal. Civ. Pro. §425.16………………………………………………………………………..1,2

Cal. Civ. Pro. §425.16(c)………………………………………………………………………….2

## I. INTRODUCTION

On May 26, 2022 Plaintiff filed a notice of appeal of Court's judgment granting fees to Sacks, Ricketts Case LLP, Michele Floyd and Jacqueline Young ("SRC Defendants") and Airbnb Inc, Jeff Henry, Dave Willner and Sanaz Ebrahini ("Airbnb Defendants") Plaintiff filed an ex-parte application and requested a stay of judgment pursuant to Fed. Rule Civ. Proc. 62 and not a stay of proceedings as in his previous ex-parte application. Despite this Sacks Ricketts & Case LLP, Michele Floyd and Jacqueline Young ("SRC Defendants") do not address the reasoning for Plaintiff's moving papers and then they compound this by misrepresenting that a fee award awarded under Cal. Civ. Pro. §425.16 was a sanction against Appellant with legal basis for such argument. What is at issue is stay of the judgment and waiver of bond requirement. Rule 8 of the Federal Rules of Appellate Procedure authorizes a stay of district court judgments, and requiring the posting of a bond is discretionary and it is such discretionary relief Plaintiff requests from the District Court. Plaintiff's bankruptcy proceedings are also still pending thus the automatic stay prevents continuation of any proceedings against Plaintiff by operation of law under 11 U.S.C. § 362(a). Finally, Plaintiff asks the District Court to consider whether Plaintiff is likely to prevail on the merits of the appeal and whether the harm to the Defendants from granting the stay would exceed the harm to Plaintiff from denying it. See *Adams v. Walker,* 488 F.2d 1064, 1065 (7th Cir. 1973). Since it is clear harm to Plaintiff would exceed that of Defendants thus Plaintiff asks the District Court to grant this motion.

## II. ARGUMENT

### A. SRC Defendants Offer No Reason Why Their Judgment Should Not Be Stayed

SRC Defendants offer no legal authority where a state or Federal court has treated a fee award under Cal. Civ. Pro. §425.16 as the equivalent of a Rule 38 sanction. Despite this they argue at length the Ninth Circuit's conclusion that a §362(b)(4) governmental regulatory exemption applies to this court's award of attorneys' fees as a sanction for a Rule 38 violation." *In re Berg,* 230 F.3d 1165, 1168 (9th Cir. 2000) The District Court issued no such sanction in favor of SRC Defendants. The prevailing defendant on a special motion to strike is entitled to

recover his fees and costs and nothing more was awarded in the form of a sanction. Cal. Civ. Proc. Code § 425.16(c); *Ketchum v. Moses*, 24 Cal. 4th 1122, 1131 (2001).

### B. An Automatic Stay Exists Under 11 U.S.C. §362(a)

Under the Bankruptcy Code, 11 U.S.C. §§ 101 et seq., there exists an automatic stay provision. See 11 U.S.C. § 362(a). The automatic stay preserves the status quo and "is designed to protect debtors from all collection efforts while they attempt to regain their financial footing." *Schwartz v. United States (In re Schwartz,)* 954 F.2d 569, 571 (9th Cir. 1992). Judgments entered in violation of § 362(a)'s automatic stay are void. *Id*.

Section 362(a) provides a laundry list of actions that are stayed upon the bankruptcy filing. As concerns litigation and collection efforts, these statutory provisions and the italicized language are particularly relevant:

Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 . . . operates as a stay, applicable to all entities, of— (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title

. . .

(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

. . .

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title; . . . (See 11 U.S.C. § 362(a))

Section 362(a)(1) very clearly prohibits the "commencement or continuation" of judicial and administrative proceedings against Plaintiff. The automatic stay prevents the filing of a lawsuit against the debtor, (*In re Gagliardi,* 290 B.R. 808, 815 (Bankr. D. Colo. 2003)) as well as the continued prosecution of a lawsuit against the debtor. *See Gazzo v. Ruff (In re Gazzo),* 505 B.R. 28, 44 (Bankr. D. Colo. 2014. Even if the debtor-defendant obtained a favorable ruling, the

automatic stay prevents entry of a court order. *Ellis v. Consolidated Diesel Electric Corp.,* 894 F.2d 371, 373 (10th Cir. 1990).

Actions taken in violation of the stay are void, even without the plaintiff's knowledge of the stay. *In re Calder,* 907 F.2d 953, 956 (10th Cir. 1990); *Gagliardi,* 290 B.R. at 815. Creditors who knowingly act with knowledge of the automatic stay can suffer greater consequences than simply learning that their actions are "void." Bankruptcy Code section 362(k)(1) provides that "an individual injured by any willful violation of a stay . . . shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." Once the bankruptcy court has found that the creditor willfully violated the stay, the imposition of a damage award is mandatory. *Gagliardi,* 290 B.R. at 819. A creditor "willfully" violates the automatic stay when it (i) knows that the automatic stay is in effect and (ii) intends the actions that constitute the stay violation. *Johnson v. Smith (In re Johnson),* 501 F.3d 1163, 1172 (10th Cir. 2007). Proof of specific intent to violate the stay is not necessary for a finding of "willfulness." Id. The Court issued fees under a Bankruptcy stay which is contrary to law under the Bankruptcy code. Airbnb Defendants motion filed December 21, 2021 was not a Rule 11 motion and they cited no authority allowing a Federal Court to seek fees for arbitration proceedings, state proceedings not final (e.g. Case No. BC671735 - McCluskey v Hendricks state court proceedings) nor any other claims where Airbnb Defendants were not parties, and the Court also cannot take judicial notice of disputed facts in such interlocutory orders.

**3. Airbnb Defendants Offer No Reason Why Their Judgment Should Not Be Stayed**

Plaintiff cited Fed. Rule Civ. Proc. 62 and Fed. Rule App. Proc. 8(a) specifically seeking stay of the judgment pursuant to the District Court's discretion. Fed. Rule App. Proc. 8(a) Stay or Injunction Pending Appeal states in part that a party must ordinarily move first in the district court for a stay of the judgment or order of a district court pending appeal.

Under Federal Rule of Civil Procedure 62(d), an appellant is entitled to stay the execution of a judgment pending appeal by posting a supersedeas bond. Fed. R. Civ. P. 62(d); see also *Am. Civil Liberties Union of Nevada v. Masto*, 670 F.3d 1046, 1066 (9th Cir. 2012) "District courts have inherent discretionary authority in setting supersedeas bonds[.]" *Rachel v. Banana*

1  *Republic, Inc.,* 831 F.2d 1503, 1505 n.1 (9th Cir. 1987). Generally, the amount should be
2  sufficient to pay the judgment plus interest, costs, and any other relief, because the purpose "is to
3  secure the appellees from a loss resulting from the stay of execution[.]" *Cotton ex rel. McClure v.*
4  *City of Eureka, Cal.,* 860 F. Supp. 2d 999, 1028 (N.D. Cal. 2012)(quoting *Rachel*, 831 F.2d at
5  1505).

6        A district court may also waive the bond requirement when staying the execution of a
7  judgment, and "[t]he appellant has the burden to 'objectively demonstrate' the reasons for
8  departing from the usual requirement of a full supersedeas bond." Id. (citing *Poplar Grove*
9  *Planting & Refining Co., Inc. v. Bache Halsey Stuart, Inc.,* 600 F.2d 1189, 1191 (5th Cir. 1979)).
10 In determining whether to require a bond, district courts evaluate the following factors: (1) the
11 complexity of the collection process; (2) the amount of time required to obtain a judgment after it
12 is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of
13 funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that
14 the cost of a bond would be a waste of money; and (5) whether the defendant is in such a
15 precarious financial situation that the requirement to post a bond would place other creditors of
16 the defendant in an insecure position Id. (citing *Dillon v. City of Chicago*, 866 F.2d 902, 904-05
17 (7th Cir. 1988)).

18       Rule 62(d) of the Federal Rules of Civil Procedure allows an appellant to obtain an
19 automatic stay of execution of judgment pending appeal by posting a bond. In the alternative, the
20 appellant may move that the district court employ its discretion to waive the bond requirement.
21 *Northern Ind. Pub. Serv. v. Carbon County Coal,* 799 F.2d 265, 281.(7th Cir. 1986*)* An appeal
22 bond usually costs one percent of the amount secured, which in the case of a combined judgment
23 in excess of $180,000 is almost $18,000 which Plaintiff does not have.  That is not small change;
24 and if the Court is satisfied that the expenditure is unnecessary to protect the appellee, the Court
25 does not have to insist that it be spent.

26       Airbnb offers no argument why the complexity of collection process does not favor
27 Plaintiff instead misrepresenting "[T]he collection process is likely to be complex" here, because
28 Mogan "has repeatedly failed to pay his debts and is currently a debtor in bankruptcy." Notably

no specifics are referenced because Plaintiff's bankruptcy petition made clear that major cause of the petition was student loan debts (and not court judgments) which is an issue many Americans face especially after a lengthy pandemic. Plaintiff is also seeking reorganization under the Bankruptcy laws which involves resolution of his debts as opposed to full discharge under Chapter 7 of the United States Bankruptcy Code.

      The second factor, the amount of time required to obtain a judgment after it is affirmed on appeal also weighs in favor of Plaintiff. Airbnb Defendants only argument here is that Plaintiff appealed his prior Airbnb-related sanctions order all the way to the U.S. Supreme Court. Plaintiff's petition for writ of certiorari is of no relevance and notably Plaintiff did not even appeal the District Court's decision in the Mogan v Petrou et al. action much less seek review with the United States Supreme Court. See *Mogan v. Petrou,* 21-cv-06959-TSH (N.D. Cal. Nov. 17, 2021)

      In considering the third factor this factor weighs in favor of Plaintiff as there is no ability to pay the titanic judgment that is so plain that the cost of a bond would be a waste of money. Plaintiff did offer extensive evidence of his financial condition twice. 78-1 and 85 (Decl. Of Mogan ¶1. In considering the fourth factor the District Court should not have a degree of confidence that the district court has in the availability of funds to pay the judgment as such judgment was titanic. Notably no parties other than Defendants had ever filed a Rule 11 motion against Plaintiff in any Federal Court.

      The final factor also favors Plaintiff. The District Court issued a titanic damage judgment—where the requirement would put Plaintiff's other creditors in undue jeopardy. *Olympia Equipment v. Western Union Telegraph*, 786 F.2d 794, 796 (7th Cir. 1986); see, e.g., *Cotton,* 860 F. Supp. 2d at 1028. This factor favors Plaintiff because Plaintiff is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position Id. See *Dillon v. City of Chicago*, 866 F.2d 902, 904-05 (7th Cir. 1988)). Plaintiff's primary unsecured creditor is the Federal government as Plaintiff has a substantial amount of Federal student loans thus if the District Court imposed a requirement to

post a bond it would place the Federal government as an unsecured creditors of Plaintiff in an insecure position.

**D. Plaintiff Is Also Likely To Succeed On The Merits Of His Appeal**

Finally, Plaintiff asks the District Court to decide whether Plaintiff is likely to prevail on the merits of the appeal in considering whether the harm to the Defendants from granting the stay would exceed the harm to Plaintiff from denying it. See *Adams v. Walker*, 488 F.2d 1064, 1065 (7th Cir. 1973).

**1. Airbnb Defendants Did Not Mitigate Fees Before Preparing Their Rule 11 Motion**

Courts have reasoned from this premise that the party opposing a pleading or a motion that violates Rule 11 bears an obligation to mitigate its attorneys' fees. *Pollution Control Indus. of Am. v. Van Gundy,* 21 F.3d 152, 156 (7th Cir. 1994)  The mitigation requirement ensures that Rule 11 sanctions do not themselves create the hemorrhage of litigation that the rule was designed to stanch. *Yagman* 796 F.2d at 1185; see also *United Food Comm. Workers Local No. 115 v. Armour and Co.,* 106 F.R.D. 345, 350 (N.D.Cal. 1985)

**2. Constitutional Considerations Exist Preventing An Award Of Attorney Fees**

When a civil case is initially appointed to a Magistrate Judge and one of the parties does not timely consent, this is not considered a waiver but instead the case is then referred to an Article III Judge. This same rationale exists here. In a Rule 11 motion, though it arises in the context of an underlying action, is the functional equivalent of an independent claim as well. Cf. *Williams,* 527 F.3d at 265 (citing *Vogel v. United States Office Prods. Co.,* 258 F.3d 509, 514-17 (6th Cir. 2001).

**3. Defendants Rule 11 Motion Did Not Address Plaintiff's Claims Nor Allegations In The Complaint**

Adequate notice that sanctions are being considered is mandated by statute and the due process clause of the federal Constitution (U.S. Const., 14th Amend.).  An award of attorney's fees implicates interests protected by the Due Process Clause of the Fifth Amendment. *Carlucci v. Piper Aircraft Corp.,* 775 F.2d 1440 (11th Cir. 1985). Rule 11 does not permit an award of fees for claims on behalf of other "defendants, lawyers, and judges" not parties to this case (in

other jurisdictions and arbitration forums) as Defendants have no standing. (See. Doc 32.1, Exhibits 1-28)

### 4. Defendants Fee Petition Should Have Been Denied

Federal courts applying federal law define "[a] reasonable fee [as] one that is adequate to attract competent counsel, but that does not produce windfalls to attorneys." *Blum v. Stenson*, 465 U.S. 886, 893 (1984). Grounds exist the amount of fees awarded were unreasonable especially since only Ms. Taylor offered evidence testimony of time she spent when no other one of Airbnb Defendants attorneys offered an affidavit or testimony concerning their time entries yet the Court granted fees for several other Airbnb Defendants attorneys. (ECF 82)

### 5. Plaintiff Offered Evidence He Did Not Have The Ability To Pay Any Attorney Fees

An attorney's ability to pay is undoubtedly a legitimate consideration when imposing Rule 11 sanctions. *In re Yagman,* 796 F.2d 1165, 1185 (9th Cir.1986). The offender's ability to pay must also be considered, not because it affects the egregiousness of the violation, but because the purpose of monetary sanctions is to deter attorney and litigant misconduct. *Doering v. Un. Cty. Bd. of Chosen Freeholders,* 857 F.2d 191 (3d Cir. 1988) Because of their deterrent purpose, Rule 11 sanctions are analogous to punitive damages. Plaintiff offered proof he did not have ability to pay based on his income or liabilities. See ECF 85; Mogan Decl. ¶1. No hearing was held on such issues before claiming Plaintiff has not proven such inability to pay thus Plaintiff updated such testimony in his FRCP 59(e) motion and Plaintiff asked the Court to hold a hearing and Court did not grant such request.

### 6. The Court Imposed Fees Under Rule 11 For Reasons Other Than Stated In Defendants Rule 11 Motion

Even if Plaintiff had an ability to pay, attorney fees are not appropriate as the Court, and not Defendants was the first to address the first sanctions motions in the January 10th 2022 order thus the Court essentially imposed sanctions on its own initiative. Issue preclusion was also not discussed in the Rule 11 motion but only in the Court's order dismissing the complaint. When a Court imposes sanctions on its own initiative, first, the court must issue a "show cause" order to

the party or attorney who is exposed to sanctions. See *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 767(4th Cir. 2003)

**III. CONCLUSION**

 For the following reasons, Plaintiff asks this Court to stay the judgment pending appeal and waive any requirement Plaintiff be required to post any bond.

Dated: June 21, 2022

                Respectfully submitted,
                 */s/ Michael Mogan*
                  Michael Mogan

**CERTIFICATE OF SERVICE**
Michael Mogan v. Sacks, Ricketts & Case LLP, et al.
Case No. 3:21-cv-08431-TSH

I am over and my business address is 4803 N. Milwaukee Ave., Suite B, Unit #244, Chicago, IL 60630. I hereby certify that on June 21, 2022, I have caused the foregoing PLAINTIFF'S REPLY TO AIRBNB DEFENDANTS AND SRC DEFENDANTS OPPOSITION TO EX-PARTE APPLICATION FOR STAY OF JUDGMENT PENDING APPEAL to be filed and served upon counsel of record through the Court's electronic service system (ECF/CM) [and served by mail on anyone unable to accept electronic filing]. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing]. Parties may access this filing through the Court's system. I hereby certify that on June 21, 2022. I have Electronically Mailed the documents to the following person(s) through Court's electronic service system (ECF/CM):

| | |
|---|---|
| Damali A. Taylor<br>OMelveny & Myers LLP<br>Two Embarcadero Center 28th Floor<br>San Francisco, CA 94111-382<br>T: 415-984-8700<br>Email: | *Attorneys for Defendant Airbnb, Inc.,*<br>*Sanaz Ebrahini, Jeff Henry, Dave Willner* |
| Dawn Sestito<br>OMelveny and Myers LLP<br>400 South Hope Street<br>Los Angeles, CA 90071-2899<br>T: (213) 430-6000<br>Email: dsestito@omm.com | *Attorneys for Defendant Airbnb, Inc.,*<br>*Sanaz Ebrahini, Jeff Henry, Dave Willner* |
| Andy A. Servais<br>KLINEDINST PC<br>502 West Broadway, Suite 600<br>San Diego, CA 92101<br>Email Aservais@klinedinstlaw.com | *Attorneys for Defendants Sacks, Ricketts &*<br>*Case LLP, Michele Floyd and Jacqueline Young* |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: June 21, 2022

/s/ *Michael Mogan*
Michael Mogan