UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MOGAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SACKS, RICKETTS & CASE LLP, et al.,<br><br>　　　　Defendants. | Case No. 21-cv-08431-TSH<br><br>**ORDER DENYING PLAINTIFF'S EX-PARTE APPLICATION FOR STAY OF JUDGMENT**<br><br>Re: Dkt. No. 90 |

## I.   INTRODUCTION

Pending before the Court is an Ex-Parte Application for Stay of Judgment Pending Appeal, filed by Plaintiff Michael Mogan. ECF No. 90. Airbnb Defendants and SRC Defendants filed Oppositions (ECF Nos. 92, 93) and Mogan filed a Reply (ECF No. 94). The Court finds this matter suitable for disposition without oral argument. *See* Civ. L.R. 7-1(b). Having considered the parties' positions, relevant legal authority, and the record in this case, the Court **DENIES** Mogan's ex-parte application for the following reasons.

## II.   BACKGROUND

The facts of this case are well known to the parties, and the Court has previously summarized this case's background in its Order Granting Defendants' Motions to Dismiss. ECF No. 38; *Mogan v. Sacks*, *Ricketts & Case LLP*, Case No. 21-cv-8431-TSH, 2022 WL 94927, at *2-4 (N.D. Cal. Jan. 10, 2022). The Court incorporates by reference the factual background set forth therein.

On May 9, 2022, the Court granted Airbnb Defendants' Motion for Attorneys' Fees of

1  $162,160.20 and costs of $573.90.  ECF No. 82.  The Court also granted SRC Defendants' Motion

2  for Attorneys' Feres of $16,399.00.  *Id*.  On May 31, 2022, Mogan filed an Ex-Parte Application

3  for Stay of Judgment.  ECF No. 90.  On June 14, 2022, Airbnb Defendants and SRC Defendants

4  filed Oppositions.  ECF Nos. 92, 93.  On June 21, 2022, Mogan filed a reply.  ECF No. 94.

### III.   DISCUSSION

Mogan requests the Court stay judgment in the present action under Federal Rules of Civil Procedure 62(c) and 62(d), and Bankruptcy Code 11 U.S.C. § 362(a).  ECF Nos. 90, 94.  Defendants oppose a stay.  ECF Nos. 92, 93.

**A.   Federal Rule of Civil Procedure 62(c)**

Mogan argues he is likely to succeed on the merits of his appeal and requests a stay under Federal Rule of Civil Procedure 62(c) ("Rule 62(c)").  ECF No. 90 at 2-9.

Unless ordered otherwise, "an interlocutory or final judgment in an action for an injunction or receivership" is "not stayed after being entered."  Fed. R. Civ. P. 62(c).  "A stay pending appeal overlaps with the function of an injunction—each prevents 'some action before the legality of that action has been conclusively determined.'"  *Tri-Dam v. Frazier*, Case No. 20-cv-00408-SKO, 2022 WL 2067878, at *4 (E.D. Cal. June 8, 2022) (citing *Nken v. Holder*, 556 U.S. 418, 428–29 (2009)).  The party requesting a stay pending appeal must show either (1) a strong likelihood of success on the merits of its appeal and the possibility of irreparable harm, or (2) that serious questions regarding the merits exist and the balance of hardships tips sharply in its favor.  *See Golden Gate Restaurant Ass'n v. City and County of San Francisco*, 512 F.3d 1112, 1115–16 (9th Cir. 2008).  The Court has discretion to issue a stay "dependent upon the circumstances of the particular case."  *Lair v. Bullock*, 697 F.3d 1200, 1203 (9th Cir. 2012).

The Court declines to issue a stay under Rule 62(c).  Mogan argues he is likely to succeed on the merits of his appeal because Airbnb Defendants did not mitigate fees before filing their Rule 11 motion, Mogan did not consent to magistrate jurisdiction over the Rule 11 motion, Mogan's lack of notice of the Rule 11 motion, Defendants' lack of evidence supporting reasonable attorneys' fees and costs, Mogan's inability to pay the judgment, and the Court imposed sanctions

*sua sponte*. ECF No. 90 at 2-9. Notably, however, the Court addressed and has already rejected these arguments in the Court's Order Re: Defendants' Motions for Attorneys' Fees and Costs. *See* ECF No. 82 at 3 n.1 ("The Court addressed Mogan's argument regarding notice in the Sanctions Order, ECF No. 50 at 7-8, and Mogan consented to magistrate judge jurisdiction. . . [Here,] [s]anctions were imposed under Rule 11. . . upon Airbnb Defendants' Motion for Sanctions."), 5 ("Mogan argues. . . the O'Melveny Attorneys did not mitigate expenses . . . 'The duty to mitigate, however, does not require a party to take actions that would impair its rights.' . . . Given the history of this case, the Court declines to reduce the requested hours for this reason."), and 6 ("The Court finds Airbnb Defendants' supporting declarations and exhibits, which include itemized billing records, to be sufficient evidence of the O'Melveny Attorneys' billing practices.") Mogan's arguments ignore the Court's previous order and Mogan fails to present case law supporting either a strong likelihood of success or serious questions regarding the merits of his appeal. The Court **DENIES** Mogan's request to stay under Rule 62(c).

B.  **Federal Rule of Civil Procedure 62(d)**

Mogan requests a stay under Federal Rule of Civil Procedure 62(d) ("Rule 62(d)") and seeks a waiver of Rule 62(d)'s bond requirement. ECF No. 90 at 1; 94 at 3-5.

"While an appeal is pending from an interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." Fed. R. Civ. P. 62(d). Rule 62(d) "requires that a party appealing a monetary judgment obtain a supersedeas bond in order to obtain a stay on appeal." *Lowery v. Rhapsody International, Inc*., 2022 WL 267442, at * 1 (N.D. Cal. Jan. 28, 2022). However, the Court has the authority to waive the bond requirement. *See Rachel v. Banana Republic, Inc*., 831 F.2d 1503, 1505 n.1 (9th Cir. 1987) ("District courts have inherent discretionary authority in setting supersedeas bonds"). "Courts in the Ninth Circuit regularly use the *Dillon* factors in determining whether to waive the bond requirement." *Kranson v. Fed. Express Corp., No*. 11-cv-05826-YGR, 2013 WL 6872495, at *1 (N.D. Cal. Dec. 31, 2013). The *Dillon* factors include:

(1) the complexity of the collection process; (2) the amount of time

3

> required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place creditors of the defendant in an insecure position.

*Dillon v. City of Chicago*, 866 F.2d 902, 904-05 (7th Cir. 1988) (internal citations and quotations omitted). As the party seeking a waiver, Mogan must "objectively demonstrate" the reasons for departing from the usual requirement of a full supersedeas bond. *Lowery*, 2022 WL 267442 at *1.

The Court finds Mogan fails to objectively demonstrate sufficient reasons supporting waiver of Rule 62(d)'s bond requirement. Because Mogan's bankruptcy proceedings are pending and Mogan is "still seeking reorganization under the Bankruptcy laws," the first and second *Dillon* factors weigh against waiver. *Compare with Dillon*, 866 F.2d at 905 (granting waiver because party "demonstrated the existence of previously appropriated funds, available for the purpose of paying judgments without substantial delay or other difficulty."). Mogan further argues he is unable to pay the judgment. ECF No. 94 at 5. However, "[t]his argument, almost by necessity, means that [Mogan's] ability to pay the final judgment is not so plain as to make a bond a waste of money. It also directly undermines the Court's confidence in [Mogan's] ultimate ability to pay the judgment." *Lowery*, 2022 WL 267442 at * 2. "Given that [Mogan] asserts that the judgment in this case presents an extreme financial burden, the Court believes a bond is necessary to protect [Defendants'] interest in eventual collection of the judgment." *Id.; see N.L.R.B. v. Westphal*, 859 F.2d 818, 819 (9th Cir. 1988) ("The posting of a bond protects the prevailing [party] from the risk of a later uncollectible judgment and compensates him for delay in the entry of the final judgment.") Accordingly, the Court **DENIES** request to stay and waive the bond requirement under Rule 62(d).

**C.     Bankruptcy Code 11 U.S.C. § 362(a)**

Mogan argues Section 362(a)(1) prohibits the commencement or continuation of judicial proceedings because Mogan's bankruptcy proceedings are still pending. ECF No. 90 at 10-11.

The Court disagrees and has addressed Mogan's Section 362(a) arguments in its March 3, 2022 Order Denying Mogan's Motion to Stay. ECF No. 76. The Court's order explained:

4

> Generally, the filing of a bankruptcy petition operates to stay the continuation of a judicial proceeding against the debtor that was commenced prior to the filing of the petition. 11 U.S.C. § 362(a)(1). However, there are exceptions to the automatic stay provisions. Id. § 362(b).
>
> . . . .
>
> [B]oth the Ninth Circuit and the Seventh Circuit (where Mogan filed for bankruptcy) have found that sanctions for misconduct are exempt from the automatic stay pursuant to § 362(b)(4), which exempts actions brought pursuant to governmental police or regulatory powers. *See Alpern v. Lieb*, 11 F.3d 689, 690 (7th Cir. 1993) ("[A] proceeding to impose sanctions under Rule 11 is exempt from the automatic stay, pursuant to 11 U.S.C. § 362(b)(4)[.]"; *In re Berg*, 230 F.3d 1165, 1168 (9th Cir. 2000) ("the § 362(b)(4) governmental regulatory exemption applies to this court's award of attorneys' fees"). The purpose of this exception "is to prevent the bankruptcy court from becoming a haven for wrongdoers." *CFTC v. Co Petro Mktg. Group, Inc.*, 700 F.2d 1279, 1283 (9th Cir. 1983).

ECF No. 76 at 1-2. Here, the Court granted Airbnb Defendants' Rule 11 Motion for Sanctions and ordered sanctions in the form of attorneys' fees and costs. ECF Nos. 32, 50. "As an award of sanctions under Rule 11 is not subject to the automatic bankruptcy stay, there is no reason to stay the Airbnb Defendants' motion." ECF No. 76 at 2.

Regarding the Court's award of attorneys' fees to SRC Defendants, "California courts have similarly applied *Berg* in finding 'the automatic stay does not preclude [] court[s] from imposing sanctions on a party and/or his attorney for abusing the appellate process or otherwise violating the rules of this court.'" *Id*. at 2-3 (citing *Keitel v. Heubel*, 103 Cal. App. 4th 324, 334 (2002)). "[A]llowing Mogan to evade the attorney fee award would run contrary to the purpose of anti-SLAPP statutes, which are 'designed to allow the early dismissal of meritless lawsuits aimed at chilling expression through costly, time-consuming litigation.'" *Id*. at 3 (internal citations omitted). Therefore, "the Court finds Mogan's bankruptcy filing has no bearing on the Court's authority to award attorney's fees under Federal Rule of Civil Procedure 11 and California's anti-SLAPP statute." *Id*. at 4. The Court **DENIES** Mogan's request to stay under Bankruptcy Code 11 U.S.C. § 362(a).

## IV. CONCLUSION

For the reasons stated above, the Court **DENIES** Mogan's Application for Stay of Judgment.

**IT IS SO ORDERED.**

Dated: July 25, 2022

_____
THOMAS S. HIXSON
United States Magistrate Judge